## TURNER v. COLLIER & DAVIS.

1. BILL OF EXCEPTIONS:  *Must be signed by judge.*
   A paper purporting to be a bill of exceptions, but not signed by the
   judge, is no bill of exceptions and will not be noticed by the Supreme
   Court.

2. SAME:  *When none, judgment presumed right.*
   In the absence of a bill of exceptions no error can be presumed of
   the judgment.

3. ATTACHMENT:  *Interpleader's bond.  Statutory judgment on.*
   The appraisement of attached property, when claimed by a third person,
   as provided by the Statute (*Gantt's Digest, Section* 469), is the
   foundation to the statutory proceedings against the obligors on the
   interpleader's bond: and if no such appraisement be made and
   shown by the officer's return, the statutory judgment on the bond
   does not accrue.  Nor does it accrue then, until the officer *shows by
   his return* or the *fieri facias* issued against the defendant in the orig-
   inal action, the failure of the obligors to deliver the property
   according to the conditions of the bond.

APPEAL from *Jefferson* Circuit Court.
Hon. X. J. PINDALL, Circuit Judge.

*Met. L. Jones, Martin & Martin*, for appellant:
The judgment for $1,000 against appellant is erroneous.
*Gantt's Digest, Secs.* 469, 470–1–2.

EAKIN, J. This transcript shows, that Collier & Davis, sued R. J. Turner in a common law action, and recovered against him, a judgment for the sum of $499.65 principal, and $14.58 damages.

Upon the institution of the suit, a writ of attachment had been issued against the defendant's property, and levied upon twenty-one bales of cotton supposed to belong to him. This cotton was claimed by McAllister & Wheeless, who gave bond, in the terms required by Statute, in the sum of $1,000, that they would interplead for the cotton at the next term, and prosecute their claim, and that if the plaintiffs should recover judgment against defendant, they would deliver said property to the sheriff, when demanded, after execution should come to his hands to be levied thereon. This bond was signed by R. J. Turner, the defendant in the suit, and by G. Meyer, and the firm of McAllister & Wheeless, and returned with the writ.

Why the sum of $1,000 was fixed as the penalty of the bond does not appear by the sheriff's return or otherwise. It seems to have been intended to cover double the amount of the debt, which (lacking only a few cents) was $500.

In court the defendant pleaded to the action unsuccessfully, and the interpleaders set up a claim to the property attached, which was tried by a jury. They found, upon the last named issue, that the cotton in controversy did not belong to the interpleaders.

Judgment, on both issues, was rendered on the same day. That in the original suit, upon trial by the court, was in effect to sustain the attachment, and in plaintiff's favor against R. J. Turner for the sum of $499.65 debt, and $14.48 damages. The judgment proceeds to recite the levy of the attachment upon the twenty-one bales of cotton, the bonding of the same by McAllister & Wheeless, with Turner and Meyer as securities, and the verdict of the jury against the interpleaders.

34—37

Whereupon it was "ordered, considered and adjudged" that the plaintiffs, Davis & Collier, "have execution against the twenty-one bales of cotton, attached in this suit; and if the same is not delivered to the sheriff of Jefferson county, by said interpleaders on demand, that execution issue on return of the facts on *fieri facias* by the sheriff, against *G. Meyer and R. J. Turner*, securities on the interpleaders' bond, for the sum of *one thousand dollars*, or so much thereof as will be sufficient to satisfy the said debt, damages and costs as aforesaid."

A motion for a new trial filed *by the defendant* was overruled and he prayed an appeal. There is no bill of exceptions, although the transcript is encumbered with what the clerk supposed to be one. It is not signed by the judge and cannot be noticed. Nor is there any evidence of an appeal by McAllister & Wheeless, although the cause seems to be prosecuted here in their name and on their behalf.

1. BILL OF EXCEPTIONS must be signed by the judge.

It is apparent that R. J. Turner, the appellant, is not only the defendant in the original suit, but one of the sureties in the bond given by the interpleaders to obtain possession of the property. The appeal presents to us only this question: Was the judgment against him, in either character, such as the court could properly render under any proof whatever?

There can be no question as to the debt, and damages. *Quoad hoc*, in the absence of a bill of exceptions, no error can be presumed. It is only left to consider whether the Statute authorized such a judgment as was rendered against Turner as security on the retaining bond.

It provides (*See Gantt's Digest*, Sections 469 to 473) that when property attached is claimed under oath by a third person, it may be delivered to him by the sheriff, if he will execute to the plaintiff a bond in a sum *double the value of the property attached*, "which value shall be ascertained by the

oaths of two citizens of the county where the writ is levied, to be chosen by the sheriff," conditioned amongst other things, that if the plaintiff should recover judgment, and the property be found to belong to defendant, it should be delivered to the sheriff "after execution upon such judgment comes to his hands to be levied thereon." If such delivery be not made, then it is provided that the " bond shall have the force and effect of a judgment *for the appraised value of such property* and the costs of the interplea, if such appraised value be less than the amount of the judgment rendered in the original case ; and if more, for the amount of said judgment and costs, on which judgment, execution against all the obligors may issue."

It is made the duty of the sheriff to return the bond with the writ. The person who thus bonds and retains, or obtains the property, is not bound to deliver it up to the sheriff until a *fieri facias* be issued on the original judgment ; only then, upon such failure, it is made the duty of the sheriff to state such fact in the return made by him to the writ of *fieri facias*, and it is only on the *showing made by such return*, of the breach of the condition, that the bond becomes forfeited, and not, until such return and showing, is there any power of the clerk to issue any execution whatever against the obligors, even if the amount were ascertained by appraisement. Certainly there is no power, in any case, to render judgment against the sureties in the bond for its full amount in the statutory proceeding. *(margin: 2. when statutory judgment accrues on appraisement bond.)*

It is very plain that the appraisement of the property under the directions of the sheriff, is an indispensable foundation, and basis of the whole statutory proceeding. That should be shown by his return, and thus made part of the record. The courts cannot safely presume the appraised value of the property to have been actually made ; less can they presume that it was actually *half* the amount of the bond. *(margin: Apprais- ment, founda- tion of, statutory proceed- ing.)*

Turner v. Collier & Davis.

The parties might have been willing to give, and the sheriff would certainly be authorized to take a bond for ten times the value of the property; still without the specific guide afforded by the valuation the courts cannot proceed to direct the clerks to enforce the statutory regulations.

. The judgment in the original cause against Turner, so far as it fixes his debt, and directs execution therefor, is correct, but upon appeal we must hold that so much of it as is against the appellants, Turner and Meyers jointly, as sureties upon the retaining bond of McAllister & Wheeless, is void and of no effect and must be reversed.

Execution may well enough issue against Turner for the amount found in the original suit, but to fix the liability of the parties to the bond, if there be any, a common law action would be necessary.

Reverse so much of the judgment as is against Turner and Meyers, as sureties of McAllister & Wheeless as interpleaders, at the cost of appellees.

Affirm otherwise.