the same relief.  Schmidt v. Cohn, 12 Daly, 134.  Counsel for the defendant urges that the justice had no power to make the order, upon the ground that the act only applied to cases tried subsequent to its passage.  There can be no doubt that the statute became a law on the day of its passage, May 20, 1896, the day on which the cause was tried, for it expressly provides (section 2), "This act shall take effect immediately."  In re Miller, 110 N. Y., at page 224, 18 N. E. 141.  The rule is a familiar one that the law will not take notice of parts of a day, and to assume that this act was inapplicable the court would be compelled to find that it went into effect on the same day, but at an hour subsequent to the trial of the action.  We cannot so decide.  In Re Welman, 20 Vt. 653, it was held that a statute which takes effect from and after its passage goes into operation the day on which it is approved, and has relation to the first moment of that day,—a construction by fiction of law which is operative whenever it will promote justice.  See, also, In re Richardson, 2 Story, 571, Fed. Cas. No. 11,777.  The statute affected the remedy, and applied to all proceedings pending at the time (Wade, Retro. Laws, § 218; Southwick v. Southwick, 49 N. Y. 510; Ryan v. Waule, 63 N. Y. 57, and kindred cases), and, being remedial, must be construed to advance the remedy (Sedg. St. & Const. Law, 2d Ed., Pomeroy's Notes, 308).  This principle was applied in Dickerson v. Cook, 16 Barb. 509, to the extent of holding that the 292d section of the Code of 1849, authorizing the examination of a judgment debtor after the return of an execution against him unsatisfied applied to cases where the execution was issued before the Code took effect, as well as to those where the execution had been issued since.

The verdict of the jury was contrary to law and the evidence, and was properly set aside and a new trial awarded; and the justice had power to make the order appealed from, which must be affirmed, with costs.  All concur.

---

(9 App. Div. 406.)

### ROTHSCHILD v. RIO GRANDE W. RY. CO.

(Supreme Court, Appellate Division, First Department.  October 23, 1896.)

APPEAL—PRACTICE—FILING CASE.

On appellant's failure to have the case ordered on file within 10 days after it has been settled, as required by Gen. Prac. Rules No. 35, under penalty of the case being deemed abandoned, the case cannot be ordered filed until his default has been set aside.

Action by Simon Rothschild against the Rio Grande Western Railway Company.  There was a judgment for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Geo. Hoadly, for the motion.

C. A. Jackson, opposed.

PER CURIAM.  Upon reference to rule 35 of the general rules of practice, it will be seen that at the time that the appellant's attorney

procured the order to file the case from the judge who settled the same his right so to do had become lost because of his failure to have the case ordered on file within 10 days after it had been settled, the rule providing that, in case this is not done, the case shall be deemed abandoned, unless the time is extended by order. It was, therefore, the duty of the attorney, finding that he could not get his case filed within the 10 days provided by the rule, to have procured an extension of time by order; and his practice was entirely irregular after the expiration of these 10 days in having his case signed and filed, as the case had, by operation of the rule, been abandoned. Before any action could be taken towards the filing of the case, it was necessary that this default should be opened, the judge trying the case having no right to order on file a case which, by operation of the law, has been abandoned. In cases of this description a compliance with the law seems to be considered unnecessary. But it will be observed that the default operates as an abandonment of the case, and no further proceedings towards the filing of the case can be taken except upon the opening of this default. The appellant in this case seems to have misapprehended his rights, as many other appellants appear to do, and before he can have any standing in court upon his appeal founded on a case it is necessary that he should be relieved from this default, and this should be done upon a motion to the court below. There seeming to be so general a misapprehension of the force of this rule among members of the bar, this court has not deemed it proper, under the circumstances, to grant the motion to dismiss the appeal, but think that the appellant should have an opportunity to be relieved from his default, and get his case regularly filed.

The motion to dismiss should, therefore, be denied upon payment of $10 costs of this motion.