The motion to dismiss should, therefore, be denied upon payment of ten dollars costs of this motion.

Present — VAN BRUNT, P. J., WILLIAMS, PATTERSON, O'BRIEN and INGRAHAM, JJ.

Motion denied upon payment of ten dollars costs.

———————

ANNIE S. GAMBLE, as Administratrix, etc., Respondent, *v.* WILLIAM F. LENNON, Appellant.

*Practice* — laches *in filing a case on appeal* — *what must be shown to open a default.*

An attorney will be held to reasonable diligence in filing his printed case upon an appeal; on an application to open a default in filing a case it is necessary not only to show good grounds for the delay, but also satisfactory reasons why an application for an extension of time was not made before the time expired.

MOTION by the respondent to dismiss an appeal pending in the Appellate Division of the Supreme Court of the first department.

*Grossman & Vorhaus*, for the plaintiff.

*David M. Neuberger*, for the defendant.

PER CURIAM:

The defendant was in default for failure to file the printed cases at the July term, and a motion to dismiss the appeal heard at that term was denied upon condition that the printed cases be filed and served by the thirty-first day of August. This was done as a matter of favor to the appellant, although he was then in default, and strictly the plaintiff was entitled to have the appeal dismissed. At that time it appeared that the appellant, although in default, had made no effort to procure an extension of his time to file and serve the printed cases, which he might easily have done under the rules had he been able to show any good reason for it. After the tenth of September, to which date his time to file cases had been extended by stipulation, he was again in default, and again he permitted his default to stand without any effort to procure an extension of the time, relying upon the good nature of his adversary or of the court to permit him to escape from the difficulty in case another motion should be made to dismiss his appeal. His reliance has proved a broken reed. While the court is inclined to give a party every reasonable opportunity that his appeal may be heard, yet there should be some diligence by attorneys to enable the court to relieve them. In this case nothing of the kind has been made to appear. It is a pure instance of neglect to do the thing which was prescribed, in apparent reliance upon the dislike of the court to enforce rigidly the rules which have been made for the protection of suitors. It is impossible to lay down a hard and fast rule to be applied to such cases. This much may be said, that where a party is likely not to be able to prepare his case within the time required by the rules, he should procure an extension of time if he has any good reason for asking for it, and if he does not do so an inference will be drawn that he had no grounds upon which to make such an application; and unless that inference can be rebutted, not only by proof of good grounds for the delay, but by giving reasons why an

application for the extension of time was not made, he stands in great jeopardy of having his appeal dismissed.

The motion to dismiss the appeal in this case is granted, with ten dollars costs.

Present — VAN BRUNT, P. J., BARRETT, RUMSEY, WILLIAMS and PATTERSON, JJ.

Motion granted, with ten dollars costs.