BRUSH v. BLOT.

(Supreme Court, Appellate Division, Second Department. December 30, 1896.)

1. APPEAL—DISMISSAL.
    The failure of appellant to procure the case to be settled and signed by the judge is not ground for dismissal, as appellant may appeal on the judgment roll alone, and would be entitled to a reversal if any error appears on that record.

2. SAME—PRACTICE—CORRECTING RECORDS.
    Time may be granted appellant to correct the record so as to show that the case has been settled and signed by the court.

Appeal from trial term, Westchester county.
Action by Edward F. Brush against Arthur F. Blot. From a judgment for plaintiff, entered on a verdict, defendant appeals. Affirmed conditionally.
Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.
Frank L. Young, for appellant.
Roger M. Sherman, for respondent.

CULLEN, J. Rule 35, General Rules of Practice, requires the appellant's attorney to procure the case as settled to be signed by the judge; otherwise, the case is to be deemed abandoned. The

record before us does not show that the case was ever settled or signed by the trial judge. As the respondent raises the objection, we are of opinion that the case cannot be considered on this appeal. But we think that the appeal cannot be dismissed for this reason, as intimated in Rothschild v. Railroad Co., 9 App. Div. 406, 41 N. Y. Supp. 293, for the appellant may appeal on the judgment roll alone, and, if any fatal error appears on that record, he would be entitled to a reversal of the judgment appealed from. No error appears on the face of the judgment roll before us, and it follows that; should we now decide this appeal, the judgment must be affirmed. But it is plain from the brief and argument that the appellant relies solely on errors claimed to have been committed on the trial, and it may be that the case has been settled and signed, and the only defect is the failure of the record to show such fact. We think, therefore, that the appellant should have an opportunity to correct his error.

The judgment must be affirmed, with costs, unless within 30 days the appellant causes the case to be signed and settled; or, if such has been done, he cause the record to be amended so as to show the fact, and he pay the respondent $10 costs and disbursements of this appeal, in which case the cause may be reargued or submitted. All concur.