## VANDENBERGH v. MATHEWS et al.

(Supreme Court, Appellate Division, Fourth Department. May 29, 1900.)

1. APPEAL AND ERROR—CASE AND EXCEPTIONS—NOTICE OF SETTLEMENT—SIGNING AND FILING CASE—ABANDONMENT—DISMISSAL.

Sup. Ct. Rule 41 provides that an appellant shall file and serve his printed papers within 20 days after the appeal is taken, or, if a case and exceptions are desired, within 20 days after the filing thereof. Rule 33 declares that amendments suggested by the respondent shall be allowed unless the appellant serves notice of settlement thereof. Rule 35 requires that a case and exceptions shall be signed and filed by a referee within 10 days after its settlement. Held, that where appellant's case and exceptions were settled after service by his failure to give notice of settlement of amendments suggested, and he failed to have same signed and filed by the referee for 10 days after such settlement, his case and exceptions were abandoned, and, more than 20 days having elapsed since the appeal was taken, respondent was entitled to a dismissal of the appeal.

2. SAME—RELIEF FROM DEFAULTS—SPECIAL TERM.

Sup. Ct. Rule 41 provides that an appellant must serve his printed papers within 20 days after the signing and filing of his case and exceptions. Rule 33 declares that, unless appellant gives notice of settlement, amendments suggested by respondent will be allowed, and the case and exceptions will be thereby settled. Rule 35 provides that, when a case is settled, it must be presented to the referee within 10 days thereafter, to be signed and filed. Held, that where an appellant has failed to give notice of settlement, or to have his case and exceptions signed and filed by the referee within 10 days after settlement, or to serve his printed papers within 20 days, he could only be relieved from his defaults on motion addressed to the special term.

3. SAME—APPELLATE DIVISION—OPPORTUNITY TO MOVE FOR RELIEF.

Where an appellant served his case and exceptions, but failed to give notice of its settlement, and suggested amendments were allowed, and the case settled, and, failing to have it signed and filed by the referee within 10 days thereafter, it was considered abandoned, more than 20 days having expired since the appeal was taken, he should be given time by the appellate division to move the special term to relieve him of his defaults, before dismissal of the appeal.

Action by Frank P. Vandenbergh against George E. Mathews and others. On motion by respondents to dismiss the appeal for failure to serve and file printed papers. Dismissed on condition.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

H. C. Vandenbergh, for appellant.
Harrison Osborn, for respondents.

WILLIAMS, J. It is provided by rule 41, among other things, that the appellant shall file and serve the printed papers within 20 days after the appeal is taken, or, if a case or case and exceptions are necessary, within 20 days after the filing of such case, or case and exceptions. While the appellant evidently desires to have a case and exceptions in the papers, he has, under the rules, abandoned

the same. He served a proposed case and exceptions, and the respondents served amendments thereto. The appellant failed to serve a notice of the settlement thereof, and by reason of such failure the amendments were all allowed. Rule 33. The case thereupon became settled, and it was the duty of the appellant within 10 days thereafter to procure the same to be signed by the referee and filed, and the failure so to do operated as an abandonment of the case and exceptions. Rule 35; Rothschild v. Railway Co., 9 App. Div. 407, 41 N. Y. Supp. 293. There being no case and exceptions, the time to file and serve printed papers, under rule 41, expired 20 days after taking the appeal, and upon failure to so file and serve papers the respondents were entitled to move this court to dismiss the appeal under rule 41. If the appellant desires to be relieved from the position in which he is placed, so as to get his case and exceptions resettled, signed, and filed, and make them a part of the papers on appeal, he must move to open the defaults with reference thereto, and such motion must be made in special term. Rothschild v. Railway Co., supra. If he desires to have an actual settlement before the referee, he must move to be relieved from the effect of his failure to serve a notice of settlement, and then, after such resettlement is had, he must procure the case and exceptions to be signed by the referee and filed within 10 days. If he chooses to regard the case and exceptions as already settled, and to have them signed by the referee and filed, he can do neither of these things until he has procured an order opening his default in not having already done so. Rothschild v. Railway Co., supra.

Under these circumstances, we think the appellant should have an opportunity to procure relief from his defaults; and therefore the order will be that the motion be granted, and the appeal dismissed, with costs, including $10 costs of motion, unless the appellant within 10 days pays the $10 costs of motion, and procures a written stipulation from respondents opening the defaults referred to, or serves motion papers for an order opening such defaults for the earliest term practicable, and thereafter proceeds with due diligence to have case and exceptions settled, signed, and filed. The time to file and serve printed papers after such filing case and exceptions is provided for by rule 41. All concur.