(32 Misc. Rep. 657.)

CARR v. BUTLER et al.

(Supreme Court, Trial Term, New York County. November, 1900.)

APPEAL—CASE SETTLED—DEFAULT.

Where a party fails to have his case signed and filed within 10 days after it has been settled, as required by Gen. Rules Prac. 35, his proper course is to move to have his default opened, after which, if his application is granted, he may have his case filed regularly; otherwise he is not in position to have his case resettled.

Action by James C. Carr against George C. Butler and others. Motion to settle case on appeal from a judgment for plaintiff. Denied.

Thomas O'Callaghan, Jr., for the motion.
W. F. Goldbeck, opposed.

GILDERSLEEVE, J. The defendants move to resettle the case on appeal herein by allowing portions of the exhibits to be printed, instead of all of such exhibits. The plaintiff objects on the ground that the defendants' appeal must be deemed abandoned, for the reason that they did not have the case on appeal filed within 10 days after it had been settled. Rule 35 of the general rules of practice reads as follows, viz.:

"When a party makes a case, or a case and exceptions, he shall procure the same to be signed by the judge or referee and filed, within ten days after it shall have been settled, or it shall be deemed abandoned, unless the time is extended by order."

In the case at bar the case was settled on October 10, 1900, and handed down to the clerk of part 7, trial term, of this court, who caused an announcement of such settlement to appear in the Law Journal of October 11, 1900. The defendants, however, failed to comply with the requirements of rule 35, and 10 days elapsed without the filing of the said case on appeal. On or about October 25, 1900, defendants served notice of the motion to resettle. I do not see how they can prevail on such a motion under the facts above narrated. As we have seen, where an attorney has made a case on appeal, his failure to have it signed by the judge and filed within 10 days after it has been settled operates as an abandonment of the case, unless the time is extended by order. No such order was here obtained. The proper course of a party who is thus in default is to move to have his default opened, after which, if his application is granted, he will be in a position to have his case filed regularly. Rothschild v. Railroad Co., 9 App. Div. 406, 41 N. Y. Supp. 293. Motion denied, but without costs.

Motion denied, without costs.