GOODBAR SHOE COMPANY *v.* STEWART.

Opinion delivered May 3, 1902.

SPECIAL CHANCELLOR—POWERS.—A decree rendered by a special chancellor at a term subsequent to that at which he was elected is a nullity.

Appeal from Chicot Chancery Court.

GEORGE W. NORMAN, Special Chancellor.

Reversed.

*Baldy Vinson,* for appellant.

The deed of trust was not barred. Jones, Mort. (5th Ed.) § 373; 32 Ark. 598; 32 Ark. 645; 33 Ark. 72; 49 Ark. 430. To redeem, the mortgagors would have had to pay all advances secured. Jones, Mort. §§ 1070-80; 115 Mass. 120. Taxes paid were a lien on the land. 35 Ark. 511; 43 Ark. 469. The deed of trust was made prior to 1887, and the limitation only acted upon the remedy. 34 Ark. 312; 113 U. S. 756; Jones, Mort. (5th Ed.) § 1024; Wood, Lim. 448. To deprive of the remedy, the right must be barred. 40 Ark. 423. The debt was not barred. 51 Ark. 198; 38 Ark. 296; Wood, Lim. 448-594; Sand. & H. Dig., § 4836; 14 Ark. 192; 51 Ark. 191; 5 Ark. 551; 10 Ark. 110; 20 Ark. 171; 19 Ark. 692; 10 Ark. 638; 60 Ark. 491; 11 Ark. 754; Wood, Lim. § 96. The description in the mortgage was sufficient. Dembitz, Land Titles, 35-45; 28 Ark. 282; 45 Ark. 29; 30 Ark. 513; 39 Ark. 57; 67 Ill. 581. Streett is charged with all the knowledge his principal had. Story, Agency (Ed. 1839), 11; Jones, Mort. (5th Ed.) § 1305.

*Dodge, Johnson, Carroll & Pemberton* and *W. B. Streett,* for appellees.

The note upon which suit was based was barred, and had been paid in full. Sand. & H. Dig., §§ 4827, 5094, 5095; 63 Ark. 573; 64 Ark. 305; 65 Ark. 5; 28 Ark. 294. The deed of trust is void for uncertainty in the descriptions of the lands. 3 Ark. 18; 30 Ark. 659; *id.* 645; 3 Washb. Real Prop. 333; 3 Ark. 18; 16 Ill. 304; 24 Ill. 647; 35 Ill. 391; 34 Ark. 534; 59 Ark. 460; 60 Ark. 489; 41 Ark. 496; 8 Whart. 174; 102 Mass. 31; 3 Ark. 59. If the pleadings do not sufficiently describe the property, there can be no *res litigiosa.* 13 Am. & Eng. Enc. Law, 882; 68 Me. 334.

*Baldy Vinson,* for appellant, in reply.

A special chancellor can exercise no jurisdiction over a case after the term has expired for which he was appointed. 3 Ark. 284; 6 Ark. 227; 45 Ark. 478; 63 Ark. 1. The balance from the year's operations to the debtor's credit is the amount that goes to the first item of the debt. 68 Ark. 399; 38 Ark. 285. The payment on the debt was not a new promise, but a payment on an existing indebtedness. 28 Ark. 27; 10 Ark. 688; 11 Ark. 39; 44 Ark. 532; 14 Ark. 83. If the payment was understood, it bound both parties. 5 Ark. 551; 19 Ark. 692; 20 Ark. 171. The payment must be shown to be such. 68 Ark. 399; 44 Ark. 532; 11 Ark. 754. The deed of trust was not barred. 68 Ark. 256. The description was sufficient. 60 Miss. 19; 58 Miss. 879; 67 Miss. 109; 84 Ia. 448; 15 Ark. 297. A guardian cannot acquire his ward's property while the trust relation exists. Sand. & H. Dig., § 5656; 42 Ark. 22; 42 Ark. 25.

RIDDICK, J. This is an appeal from a judgment of the chancery court of Chicot county which was rendered by a special chancellor. The record shows that the special chancellor before whom the case was tried was elected on 16th of June, 1896, and that the decree settling the rights of the parties, and which we are asked to review, was rendered at the subsequent term of the court, the date of the decree being 20th day of November, 1896. The powers of the special chancellor ended with the term at which he was elected, and, as the record does not show that he was elected during the term at which the decree was rendered, the appeal must be dismissed. *Wall* v. *Looney,* 52 Ark. 113; Const. 1814, art. 7, § 21; Act of April 14, 1891, p. 267, § 7.

It is so ordered.

WOOD, J., absent.