(85 App. Div. 562.)

### McILVAINE v. STEINSON et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. APPEAL—FAILURE TO SERVE CASE—EFFECT.
Where the appellant fails to serve his case on the respondent within the time fixed by the rules, the respondent may apply at the Special Term for an order declaring he must be deemed to have waived his right thereto (Sup. Ct. Rule 33), and in such case appellant can only have his appeal heard on the judgment roll.

Appeal from Special Term.

Action by Thompkins McIlvaine, as surviving partner of Townsend & McIlvaine, against George Steinson, the board of education of the city of New York, the city of New York, and Edward M. Grout, as comptroller, etc., impleaded. Judgment for plaintiff. From an order of the Special Term denying the motion of the city for an order declaring that as to it defendant Steinson had waived his right to a case on his appeal from the judgment, the city appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Terence Farley, for appellant.
George Steinson, in pro. per.

HATCH, J. The action herein was instituted by plaintiff, as surviving member of the firm of Townsend & McIlvaine, attorneys at law, to foreclose a lien on certain moneys in the hands of the comptroller, which were the proceeds of a certain judgment which the defendant Steinson had recovered against the board of education. By a judgment duly entered herein, a lien was established thereon in favor of the plaintiff and one Hart, another attorney, and from such judgment the defendant has duly appealed.

Pursuant to an order, the board of education paid over the amount of the judgment against it to the comptroller. By order of the court, the comptroller was directed to pay to the chamberlain the amount of the attorney's lien, to be held by him to await the further action of the court, and to pay the remainder of the moneys to the defendant Steinson. This order was complied with by the comptroller, and the amount which Steinson recovered of the defendants in his action would now seem to be in the hands of the court, to await the determination of the contest between Steinson and his attorneys. In that litigation the city of New York would seem to be a stranger. It is not made evident how it can have any interest therein, or how any of its rights can be affected, or how its presence is essential to save any right of the defendant Steinson. It is stated in the affidavit of the latter that the presence of the city is needed to determine whether the city of New York should pay interest on the judgment against it, and that such question was reserved by the court, in the order which it made, for determination upon the appeal taken in this action. The order in full is not set out in the record, and it is somewhat difficult to see how any such question can be involved on this appeal, as the judgment entered by the defendant Steinson in his action should have disposed of such question, and interest on the judgment would attach at legal rates until the same was paid. Assuming, however, as we must, that the defendant Steinson has the right to appeal, and to make the city a party thereto, it necessarily follows that it is entitled to have served upon it the case upon which the defendant Steinson relies, and to have an opportunity to serve amendments thereto (Sup. Ct. Rule 32), and also to have notice and an opportunity to be heard upon the settlement of the case. The appellant cannot make a case and procure it to be settled without notice, and then insist that the respondent shall accept it. By failing to serve the case upon the appellant within the time prescribed by the rules, the latter was authorized to apply at the Special Term for an order declaring he must be deemed to have waived his right thereto. Sup. Ct. Rule 33. Doubtless the defendant Steinson has the right to have his appeal heard upon the judgment roll, and such questions as are permissible and arise thereon can be determined without serving a case. Brush v. Blot, 11 App. Div. 626, 42 N. Y. Supp. 761. It is apparent, however, that the respondent upon this appeal desires to present other questions than such as arise upon the judgment roll. To accomplish this, he must serve his case as prescribed by the rules.

It follows that the motion should have been granted, unless the court saw fit to relieve the defendant Steinson from his default. The order should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, with leave to the defendant Steinson, upon payment of such costs, to apply at Special Term to be relieved from his default, and for permission to serve a case pursuant to the settled practice. All concur.