FAULKNER *v.* COOK.

Opinion delivered June 10, 1907.

1. ATTACHMENT—INTERVENTION—ISSUES.—After the plaintiff in an attachment suit had recovered judgment for the amount of his debt, and his attachment had been sustained, it was not competent for one who had intervened claiming the goods attached to raise the question as to whether such debt had been paid or not. (Page 207.)

2. SAME—PRACTICE IN TRIAL OF INTERVENTION.—The statute regulating the trial of the claims of interveners in attachment suits (Kirby's Digest, § 425) does not contemplate an assessment of the value of the goods in controversy by a jury, but provides that this value shall be ascertained by appraisement at the time the retaining bond is executed by the interveners. (Page 207.)

3. SAME—PRACTICE IN RENDERING STATUTORY JUDGMENT ON RETAINING BOND.—Before a statutory judgment can be rendered upon the retaining bond executed by interveners in an attachment suit, there must have been an appraisement of the goods for whose retention the bond was executed, and it should appear by the sheriff's return of an execution on the original judgment that the interveners failed to surrender the property to the sheriff according to the condition of the bond. (Page 208.)

Appeal from Union Circuit Court; *Chas. W. Smith,* Judge; reversed in part.

*R. G. Harper* and *Thornton &Thornton,* for appellants.

1. The jury should have been instructed, as requested by appellant, that if the plaintiff purchased an interest in the goods or the proceeds thereof; and if his only right to the goods or a lien thereon was based on such purchase, he could not recover. There was evidence to support such an instruction; and where there is evidence to sustain a particular theory of a case, the court should properly instruct the jury as to such theory. 50 Ark. 545; 52 Ark. 45; 76 Ark. 232.

2. The only issue submitted to the jury was as to whether or not the goods were the property of the interveners or the defendant, and it was manifest error in the court to give judgment against the interveners and their sureties in the interveners' bond for the alleged value of the goods upon an unauthorized verdict of the jury in favor of plaintiff assessing the value. 53 Ark. 133; Kirby's Dig., § § 425, 429; 37 Ark. 531; 54 Ark. 6; 27 Ark. 1.

*Marsh & Flenniken,* for appellee.

1. The court properly refused to instruct the jury that plaintiff could not recover if he had purchased an interest in the goods. Such an instruction would have been misleading. The amount or correctness of Cook's claim against Thompson was personal to them and no concern of the interveners. 4 Cyc. 740 *et seq.*

2. It is true that no issue was submitted to the jury except the ownership of the goods, but the verdict did determine the ownership. The debt had been fixed against Thompson at a previous term. The goods having been disposed of, a finding of their value was proper.

A verdict is sufficiently certain if the court can gather its meaning and pronounce judgment on it. 1 Ark. 339; 29 Ark. 324; 56 L. A. R. A. 457.

RIDDICK, J., B. W. Cook brought an action in the circuit court of Union County against S. D. Thompson on two promissory notes amounting with interest to $586. He sued out a writ of attachment, and levied the same upon a stock of shoes. These shoes

were claimed by R. A. Faulkner and others, who gave a retaining bond as provided by sections 425 to 429, Kirby's Digest, conditioned that they would interplead for the property attached. This bond is not exactly in the statutory form, though the difference is slight and not material here.

The defendant Thompson made no defense, and judgment was rendered against him for the amount of the debt.

On the trial of the issue raised by the interplea the evidence was conflicting. The court gave an oral charge to the jury covering the different points in the case, which charge was not excepted to. The interveners thereupon asked him to instruct the jury in substance that if the plaintiff had purchased an interest in the stock of goods attached or the proceeds thereof in satisfaction of his debt he could not recover in this action. The court, we think, properly refused to give this instruction for the reason that there was no such issue raised by the interplea. The plaintiff had already recovered judgment for the amount of the debt, and the attachment had been sustained. The only question remaining was whether the goods levied upon belonged to the interveners or the defendant. If they belonged to the defendant, plaintiff had the right to subject them to the payment of his judgment against defendant, and the interveners could not in this proceeding raise the question as to whether the debt had been paid or not. 4 Cyc. 740.

The jury returned the following verdict: "We, the jury, find for the plaintiff in the sum of $586."

This verdict, so far as it finds for the plaintiff, is responsive to the issues submitted to the jury, but the latter part of it, stating the amount, is not responsive, and must be rejected as surplusage.

Counsel for plaintiff contends that the jury simply assessed the value of the goods in controversy which had been retained by the interveners. But the statute regulating the trial of such interpleas does not contemplate an assessment of the value of the goods by the jury. It provides that this value shall be ascertained by appraisement at the time the retaining bond is executed by the interveners. Kirby's Digest, § 425. No such question as the value of the property was submitted to the jury in this case, and the amount stated in the verdict does not purport

to be an assessment of the value of the property. It purports to be a finding in favor of plaintiff for a certain sum. The sum named is the exact amount of the plaintiff's debt which the jury had ascertained during the trial in some way, and which they inserted in their verdict. This addition to the verdict does not invalidate it, for, as before stated, it may be rejected as surplusage.

But there was no appraisement of the goods attached in this case as provided by the statute, and for that reason there was no basis for the judgment rendered against the defendants. In fact, as pointed out in the case of *Turner* v. *Collier,* 37 Ark. 528, the bond of the interveners does not become forfeited until after the issue of an execution on the original judgment. If the interveners fail to surrender the property to the sheriff holding such execution, it is the duty of the sheriff to show such fact in his return of the execution. The bond then becomes forfeited, and has the force and effect of a judgment for the appraised value of such property, and costs. This may be an awkward and cumbersome method to be followed, but the practice is settled by the statute and the former decisions of this court. As the property was not appraised, the remedy of plaintiff is by an action on the bond. *Turner* v. *Collier,* 37 Ark. 532.

The judgment against the interveners and their bondsmen for the sum of $586. will be reversed, but the judgment in favor of plaintiff on the trial of the interplea that the goods belonged to defendant Thompson will be affirmed. It is so ordered.