(55 Misc. Rep. 198)

### SACKS v. HOOKEY.

(Supreme Court, Appellate Term.　June 27, 1907.)

APPEAL—RECORD—SETTLEMENT AND SIGNING OF CASE.

Under Code Civ. Proc. § 997, providing that a party intending to appeal must make a case and procure it to be settled and signed by the judge, where the printed case on an appeal has never been settled nor signed by the justice before whom the action was tried by the time it is reached for argument on appeal, a stipulation that it is a copy of the record filed does not cure the defect, and it must be sent to the lower court for amendment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2832.]

Appeal from City Court of New York, Special Term.

Action by Isidor Sacks against William T. Hookey. From a judgment for plaintiff, defendant appeals. Affirmed, unless case is settled and signed within 30 days, or amended to show that fact.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Joseph Rosenzweig, for appellant.
Joseph A. Seidman, for respondent.

GILDERSLEEVE, P. J. The appeal herein having been reached for argument, the respondent raises the point that the printed case has never been settled or signed by the justice before whom the action was tried. An examination of the record shows this to be true. "A case on appeal must be 'settled and signed' by the trial judge. A stipulation that it is a copy of the record filed does not cure the defect. The certificate must state that the case contains all the evidence." Code Civil Proc. § 997; Gregory v. Clark, 53 App. Div. 74, 65 N. Y. Supp. 687. The case must therefore be sent to the lower court for amendment. Brush v. Blot, 11 App. Div. 626, 42 N. Y. Supp. 761.

Judgment will be affirmed, with costs, unless the appellant causes the return to be settled and signed within 30 days, or, if the same has been settled and signed, he causes the record to be amended so as to show that fact, and pays $10 costs and disbursements on this appeal. All concur.