## O'NEAL *v.* STATE.

### Opinion delivered March 27, 1911.

BILL OF EXCEPTIONS—WHO SHOULD SIGN.—Under Acts 1909, c. 59, providing that "where the judge who presided at any trial shall die, become insane, or for any other cause become incapacitated before he has signed the bill of exceptions, his successor in office shall allow or correct and sign the said bill of exceptions," *held* that, though the term of office of a circuit judge who tried a case expired before the time fixed for presenting the bill of exceptions therein, he was not incapacitated thereafter to sign the bill of exceptions, and his successor was not authorized to do so.

Appeal from Independence Circuit Court; *Charles Coffin,* Judge; affirmed.

*Jones & Campbell,* for appellant.

The old statute, Kirby's Dig. § 6225, worked great hardship in cases where the trial judge was dead, insane or had left the State, and persons desiring to perfect appeals were prevented from doing so through no fault. It was manifestly the intention of the Legislature by the amendatory act, Acts 1909, p. 147, to correct the mischief occasioned by the former statute.

where the trial judge was physically incapacitated, as was the case here, from signing the bill of exceptions before the time for filing same had expired. 3 Coke, 7; 5 Ark. 58; 13 Ark. 58; 24 Ark. 155; 3 Ark. 285; 28 Ark. 200, 203; 29 Ark. 304. Effect is to be given to the larger expression, "otherwise incapacitated." 27 Ark. 420.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* assistant, for appellee.

Under the former statute, Kirby's Dig. § 6225, it was necessary that the bill of exceptions be signed by the trial judge, and no other judge was authorized to do so. 37 Ark. 371; *Id.* 528; 40 Ark. 173.

Under the amendatory act (Acts 1909), the trial judge must still allow and sign a bill of exceptions, unless he dies, becomes insane or from some other cause *becomes incapacitated;* and the expiration of his term of office did not incapacitate him from signing it, etc. 42 Ark. 280; 95 Ark. 71; 73 Ark. 600; 74 Ark. 528; 70 Ark. 451; and authorities cited in dissenting opinion in case of *Lee* v. *Huff,* 61 Ark. 502.

PER CURIAM. Appellant was tried in the circuit court of Independence County, and convicted of the crime of manslaughter, the Honorable Charles Coffin, judge of said court, presiding at the trial. Motion for new trial was overruled, and exceptions saved, and appeal granted, and time given beyond that term of court in which to file bill of exceptions. Before the expiration of the time allowed for the presentation of the bill of exceptions, Judge Coffin's term of office as judge of the circuit expired, and he was succeeded by the Honorable R. E. Jeffery. The bill of exceptions was, within the time allowed, presented to Judge Jeffery, and was signed by him and filed with the clerk. It was not presented to Judge Coffin, nor does any reason appear, either in the bill of exceptions signed by Judge Jeffery or otherwise in the present record, why this was not done, but an affidavit is filed here stating that Judge Coffin was absent from the county at the time appellant's counsel was ready to present the bill of exceptions. The Attorney General now raises the question that the alleged errors assigned are not now before this court for review, for the reason that the bill of exceptions was not signed by the judge who presided at the trial.

Appellant relies on the following statute, which was enacted by the General Assembly of 1909:

"Where the judge who presided at any trial shall die, become insane, or for any other cause become incapacitated before he has signed the bill of exceptions, his successor in office shall allow or correct, and sign the said bill of exceptions." Acts 1909, c. 59.

Prior to the enactment of that statute it was repeatedly ruled by this court that the bill of exceptions must be signed by the judge who presided at the trial, and that the only remedy, where an appellant lost his right of appeal by reason of death or incapacity of the presiding judge before the bill of exceptions was signed, was by an action in the chancery court for relief on account of the unavoidable casualty. The act of 1909 sought to remedy this, and to give appellants appropriate relief "where the judge who presided at any trial shall die, become insane, or for any other cause become incapacitated before he has signed the bill of exceptions." The present case does not, however, fall within the terms of that statute, for it does not appear that the presiding judge died, became insane, or in any other way incapacitated. The expiration of his term of office did not incapacitate him from signing the bill of exceptions, and, notwithstanding that fact, it was his duty, and not that of the succeeding judge, to sign it. *Watkins* v. *State,* 37 Ark. 370; *Turner* v. *Collier,* 37 Ark. 528; *Cowall* v. *Altchul,* 40 Ark. 173; *Bullock* v. *Neal,* 42 Ark. 281. Nor did the absence of Judge Coffin authorize his successor to sign the bill of exceptions.

It is clear, therefore, that there is no bill of exceptions in the record signed in accordance with the statute, and the alleged assignments of errors can not be reviewed by this court. Nothing is before us for consideration except the indictment, the sufficiency of which is not questioned, and the judgment of the court, which is in regular form.

The judgment is therefore affirmed.