MULDOON v. DAY et al.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. APPEAL AND ERROR (§ 632*)—SERVICE OF CASE ON APPEAL—EXTENSION OF TIME—ABUSE OF DISCRETION.

Where plaintiff was guilty of gross laches in failing to serve case on appeal, which is entirely unexplained and unexcused, it was improper to grant a motion opening his default and extending the time.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 632.*]

2. COURTS (§ 237*)—REVIEW—DISCRETION OF COURT—PROCEEDINGS FOR APPEAL.

The Appellate Division, being a branch of the Supreme Court, in its appellate capacity may review the discretion of the Special Term.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 237.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

130 N.Y.S.—33

Appeal from Special Term, New York County.

Action by Mary Muldoon against Henry M. Day and others. From an order opening default and granting extension of time to serve proposed case on appeal, defendants appeal. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Charles Goldzier, for appellants.

Cornelius J. Earley, for respondent.

PER CURIAM. Appeal from an order opening plaintiff's default in serving case on appeal and extending the time for such service.

[1, 2] In our opinion it was an injudicious exercise of discretion to grant the order appealed from. The plaintiff was guilty of gross laches, which is entirely unexplained and unexcused. For this reason the motion should have been denied. Gamble v. Lennon, 9 App. Div. 407, 41 N. Y. Supp. 277; Martin v. McCurdy, 120 App. Div. 665, 105 N. Y. Supp. 474. The respondent contents herself upon this appeal by advancing the untenable proposition that, as the order appealed from is a discretionary one, no appeal lies to this court. Counsel forgets that this court is a branch of the Supreme Court, and vested with the jurisdiction vested in the Supreme Court, and that in its appellate capacity it possesses, and not infrequently exercises, jurisdiction to review the discretion of the Special Term. This seems to us to be a case in which we ought to exercise that jurisdiction.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.