LOWREY H. LIGHTNER, Respondent, *v.* HARTMANN-BLANCHARD Co., Appellant.

(Supreme Court, Appellate Term, First Department, March, 1918.)

Motions and orders — City Court of city of New York — actions — appeal — default — rule 33 of General Rules of Practice.

A defendant in a City Court must move to open its default before taking any other steps, and where on motion of the plaintiff, under rule 33 of the General Rules of Practice, for an order declaring that defendant had waived its right to make a case on appeal, 'the court made an order the practical effect of which was to extend defendant's time to make a case and denies defendant's motion to resettle such order by further

extending the time in which to make and serve a case, plaintiff's motion to dismiss defendant's appeal from both of such orders should have been granted; the first motion in no way affected defendant's right to move to open its default and the last motion was properly denied upon the ground that it was improper to make a new order under the guise of a resettled order containing provisions not asked for on the original motion.

MOTIONS to dismiss two appeals from orders of the City Court of the city of New York.

Charles R. Stewart, for appellant.

Wm. L. Bowman, for respondent.

GUY, J. The defendant's time in which to make and serve a proposed case on appeal having expired the plaintiff moved under rule 33 of the General Rules of Practice for an order declaring that the defendant had waived its right to make a case. The defendant filed opposing affidavits to the motion but did not ask therein that its default be opened or that its time to make a case be extended and advanced no reason as to why it had not applied for an extension of time prior to its default, which is an essential element of an application for relief. *Gamble* v. *Lennon,* 9 App. Div. 407. Nevertheless the court below made an order the practical effect of which was to extend the defendant's time in which to make a case. Subsequently the defendant, claiming that it could not comply with the terms of this order, moved to resettle the same by further extending its time to make a case, and this motion being denied it appealed from both orders. The plaintiff moves to dismiss both appeals. The motions must be granted. The defendant concededly was in default in making and serving a case. No other

steps could be taken by it except to move to open its default. *Rothschild* v. *Rio Grande Western R. Co.,* 9 App. Div. 406; *Vandenbergh* v. *Mathews,* 52 id. 616. In granting an unasked favor by the terms of the first order no substantial right of defendant was impaired, neither did the later denial of defendant's motion to resettle the order affect the defendant's rights injuriously. The defendant was still in default and its right to move to open such default was in no way impaired by these orders. The last motion was properly denied for the reason that the resettlement of an order is for the purpose of correctly expressing the decision of the court or correctly reciting the papers upon which it is made. *Butterfield* v. *Bennett,* 30 N. Y. St. Repr. 302. It is improper to make a new order under the guise of a resettled order containing provisions not requested upon the original motion. *Skeele Coal Co.* v. *Baker,* 167 App. Div. 920; *Wingrove* v. *German Savings Bank,* 2 id. 479.

It is evident that the defendant appreciates the situation as the moving papers show and it is not disputed that it had already made a motion in the lower court to open its default and permit it to make and serve a case.

Motions granted and appeals dismissed, with ten dollars costs in each case.

BIJUR and PHILBIN, JJ., concur.

Appeals dismissed, with costs.