RED BUD REALTY COMPANY *v*. SOUTH.

Opinion delivered November 1, 1920.

1. COURTS—JURISDICTION.—Jurisdiction can not be conferred by consent.

2. COURTS—PLACE AND TIME OF HOLDING.—A court can not be in session at any other time or place than that prescribed by law.

3. COURTS—PLACE OF HOLDING.—A special chancellor can not hold court at one place while the regular chancellor is holding court at another place.

4. JUDGES—TRIAL BEFORE SPECIAL CHANCELLOR.—Trial by consent of parties before a special chancellor in one county at a time when the regular chancellor is holding court in another county, and the decree rendered at the place of trial, amounted to no more than vacation proceedings, and their validity must be tested as such.

5. APPEAL AND ERROR—VACATION DECREE—TIME OF APPEAL.—Under Acts 1913, p. 318, providing that a chancellor by consent of parties may try causes and deliver opinions, and make and sign decrees in vacation, and that such decrees shall be entered on the records of the court, and shall have the same force and effect as if made, entered and recorded in term time, and that appeals may be had therefrom as in other cases, a vacation decree is not effective till entered of record, and the time for appeal runs from the date of entry.

6. JUDGES—AUTHORITY OF SPECIAL CHANCELLOR.—A special chancellor can not render or enter a decree in vacation; Const., art. 7, § 21, providing that the authority of a special judge "shall cease at the close of the term at which the election shall be made."

7. JUDGES—AUTHORITY OF SPECIAL CHANCELLOR.—Act February 21, 1913, providing that chancellors may try causes and render decrees in vacation, was not intended to refer to special chancellors.

Appeal from Baxter Chancery Court; *Joseph W. Stayton*, Special Chancellor; appeal dismissed.

*Allyn Smith,* for appellant.

*Troy Pace,* for appellee.

McCULLOCH, C. J. (on motion to dismiss appeal). This cause was instituted in the chancery court of Baxter County by appellee South and was tried before Joseph W. Stayton as special chancellor, the Honorable L. F. Reeder, chancellor of the district, being disqualified. The record shows that at the regular October term for the year 1919, of the Baxter Chancery Court, Mr. Stayton was duly elected as special chancellor to hear this cause, and that all of the parties, acting through their respective solicitors, agreed to try the cause before the special chancellor at the latter's office in Newport, in Jackson County. The cause was heard by the special chancellor at Newport, according to the agreement above recited, on October 24, 1919, the Baxter Chancery Court being in session on that day at the courthouse at Mountain Home, the county seat of Baxter County, the regular chancellor presiding, and a decree was pronounced by the special chancellor at Newport on that day, but was not entered on the records of the court until January 6, 1920, which was after the adjournment of the court for the term. The transcript with a prayer for appeal was lodged in this court on July 2, 1920. The decree entered as aforesaid recites all of the above facts and also recites that an appeal was prayed for and granted on October 24, 1919, the day of the pronouncement of the decree.

Learned counsel, in support of the motion to dismiss the appeal invokes the rule announced by this court that the time prescribed by statute for taking an appeal runs from the date of rendition of the judgment appealed from—not from the·date of its entry on the record. *Chatfield* v. *Jarrett,* 108 Ark. 523. If that rule be applied, then the appeal was obtained too late, for it was obtained more than six months after the rendition of the decree, though within six months after its entry on the records. The decree was not rendered by the spe-

cial chancellor at the place prescribed by law for holding court in Baxter County, but was rendered in another county while the regular chancellor was holding court at the courthouse in Mountain Home. This was done by consent, but jurisdiction can not be thus conferred. A court can not be in session at any other time or place than that prescribed by law. *Mell* v. *State,* 133 Ark. 197. Nor can a special judge hold court at one place while the regular judge is holding court at another place. *State ex rel.* v. *Williams,* 48 Ark. 227; *Streett* v. *Reynolds,* 63 Ark. 1.

The trial before the special chancellor, and the decree rendered by him, amounted therefore to no more than vacation proceedings, and their validity must be tested as such.

Counsel insist that the proceedings were valid under the statute (Acts 1913, p. 318) which provides that a chancellor may by consent of parties "try causes and deliver opinions, and make and sign decrees in vacation," and that "decrees which the chancellor may make in vacation shall be entered and recorded on the records of the court in which the cause or matter is pending and shall have the same force and effect as if made, entered and recorded in term time, and appeals may be had therefrom as in other cases." Under this statute a vacation decree does not become effective until it is signed and entered of record, and until it is so entered, it can not be appealed from, therefore, the time allowed for taking an appeal runs from the date of entry. In this respect a vacation decree differs in effect from one rendered in term time. In the very nature of things, a judgment pronounced by a judge in vacation does not, before entry, have the force and effect of a judgment pronounced by a court duly assembled at the time and place prescribed by law, unless the statute in express terms gives it such force.

The rule announced by the authorities is that the time for appeal runs from the date of entry of a judgment unless the plain language of the statute is to the contrary.

This being true, the appeal was taken and the transcript was lodged here in time. But there is another question necessarily presented in the record which can not be ignored, though not assigned in the motion as grounds for dismissing the appeal. Can a special chancellor either render or enter a decree in vacation? If not, there is no final decree in this cause to appeal from.

The Constitution (art. 7, §.21) provides for the election of a special judge in the absence of the regular judge and specifies that the authority of such special judge "shall cease at the close of the term at which the election shall be made."

Counsel contend that this provision applies only to circuit judges and not to chancellors, but this court decided to the contrary in *Goodbar Shoe Co.* v. *Stewart,* 70 Ark. 407, and cited in support of the decision the provision referred to above.

We do not think that the Legislature has attempted to confer authority on special chancellors to render decrees in vacation. The act of February 21, 1913, *supra,* only provides that a chancellor may try causes and render decrees in vacation. If it had been intended to refer to special chancellors, it would have been so specified. There being no valid final decree, the cause stands on the docket of the Baxter Chancery Court for further proceedings as if no appeal had been taken.

The appeal is therefore premature, and for that reason will be dismissed. It is so ordered.

WOOD and HUMPHREYS, JJ., dissent.