PATTERSON *v.* CARPENTER.

4-7403                                                   181 S. W. 2d 465

Opinion delivered July 3, 1944.

*Claude B. Brinton* and *Bon McCourtney*, for appellant.

*Giles Dearing* and *Barrett & Wheatley*, for appellee.

McFADDIN, J. The threshold and determinative decision in this appeal is the lack of power of a special judge—after the term—to grant any further extension of time in which to file the bill of exceptions.

Appellant Patterson sued appellee Carpenter for damages for alleged negligence. The case was filed and tried in the Lake City District of the Craighead circuit court. The terms of the Lake City District of the circuit court, as fixed by statute (§ 2832, Pope's Digest) are the fourth Monday in February and the fourth Monday in September, in each year. This case was tried on October 14, 1943, a day of the September, 1943, term. There was a jury trial and verdict and judgment for Carpenter. A motion for new trial was duly filed and overruled, on October 20, 1943, and one hundred and twenty days from that date granted for the filing of the bill of exceptions.

Hon. Neil Killough is the regular circuit judge of the first division of the second judicial circuit, of which

Craighead county is a part; but he is in the armed forces of the United States of America. (See *State* v. *Green and Rock,* 206 Ark. 361, 175 S. W. 2d 575) ; and Hon. Walter Killough was the special judge who presided over the Lake City District of Craighead circuit court when this case was tried. This fact, that the case was tried before a special judge, is emphasized.

The one hundred and twenty days for filing the bill of exceptions in this case expired on February 17, 1944; and on that date the said special judge, Hon. Walter Killough, extended the time for filing the bill of exceptions for ten additional days, which extension expired on February 27, 1944. The bill of exceptions was not filed within that time; and no further order of extension was made until March 6, 1944, when an attempted additional extension to March 26, 1944, was given for filing the bill of exceptions; and the bill of exceptions was filed with the circuit clerk on March 18, 1944.

But, the February, 1944, term of the Lake City District of Craighead circuit court commenced on February 28, 1944 (the fourth Monday in February) as fixed by law. Thus the September, 1943, term ended, and the February, 1944, term commenced, before the order of the special judge was made on March 6, 1944; and unless that order is valid the bill of exceptions was not filed in time.

The appellee has moved to strike the bill of exceptions as filed too late; and this necessitates a consideration of Act No. 10 of 1943, as limited by § 21 of art. VII of the Arkansas Constitution. The question is: ''Does a special judge have any power, after the term for which he was elected, to grant any further extension of time for filing the bill of exceptions''? The Constitutional provision, mentioned above, says, in salient words:

''. . . and if the judge of said court . . . shall from any cause be disqualified . . . then the regular practicing attorneys . . . may . . . elect a judge to preside at such court or to try said

causes, and the attorney so elected shall have the same power and authority in said court as the regular judge would have had if present and presiding; *but this authority shall cease at the close of the term at which the election shall be made.*"

The words italicized above contain the limitation that is fatal to the appellant's bill of exceptions in the case at bar because: (1) Hon. Walter Killough was a special judge; (2) the September, 1943, term ceased, at all events, on February 27, 1944; and (3) the power of the special judge ceased with the term. Thus, on March 6, 1944, the special judge was without the authority to grant any further extension of time for filing the bill of exceptions. If the time granted before February 27, 1944, had carried the right to file until March 18, 1944, then the special judge could have approved the bill of exceptions on March 18, 1944, because the lapse of the term would not have incapacitated him from signing the bill of exceptions. (See *O'Neal* v. *State,* 98 Ark. 449, 136 S. W. 936). But after the lapse of the term he could not exercise a separate and a new judicial act to grant a further extension of time; and the granting of additional time to file a bill of exceptions is a judicial act. 4 C. J. 351. *Muldoon* v. *Day,* 146 App. Div. 873, 130 N. Y. S. 513.

There is a clear distinction between *O'Neal* v. *State* (*supra*) and the case at bar. If, the special judge, at the time of overruling the motion for new trial, or at any time during the September term of the court, had extended the time for filing the bill of exceptions to March 18, 1944, then the special judge could have constitutionally approved the bill of exceptions on March 18, 1944, because he would have been acting, on March 18, 1944, within a power granted during the September, 1943, term. Such, in effect, is the application of *O'Neal* v. *State.* But in the case at bar, the approval of the bill of exceptions on March 18, 1944, and the filing on that date, were accomplished solely by virtue of a power and act done after the expiration of the term—to-wit, the extension order of March 6, 1944—and the power to make any

such order expired on February 27, 1944, which was the end of the September, 1943, term.

The language of our Constitution—"this authority shall cease at the close of the term at which the election shall be made"—has been considered by this court in several cases. In *Goodbar Shoe Company* v. *Stewart,* 70 Ark. 407, 68 S. W. 250, it was held that a decree rendered by a special chancellor, at a term subsequent to that at which he was elected, was a nullity. In *Redbud Realty 'Co.* v. *South,* 145 Ark. 604, 224 S. W. 964, it was held that a special chancellor could not render or enter a decree in vacation. And in *Hopper* v. *Sullivan,* 189 Ark. 1131, 76 S. W. 2d 305, it was held that a special chancellor was without authority to enter a decree at a term subsequent to that at which he was elected. There is an annotation on this question in 134 A. L. R. 1138; but a case from any other state affords little aid in the question here unless the Constitution of such other state has language similar to our Constitution on this point.

Appellant argues that Act No. 10 of 1943 grants the right here claimed: *i.e.* that the judge before whom the case was tried could grant additional time when requested. But that Act, as well as all other legislative acts, must always be tested and determined by the Constitution; and, here, there is a plain constitutional limitation on the power of the special judge. The Constitution says that his powers cease with the term; so no special judge could constitutionally grant additional time under Act No. 10 of 1943, if the term had expired at which the special judge was elected.

So it follows that the bill of exceptions must be stricken as filed after February 27, 1944, the last day, for filing under any valid order of extension.

With the bill of exceptions stricken there is no error shown on the face of the record.

Therefore, the judgment of the circuit court is in all things affirmed.