## MELL *v.* STATE.

### Opinion delivered March 11, 1918.

1. APPEAL AND ERROR—CRIMINAL TRIAL—ADJOURNMENT TO HOTEL TO HEAR TESTIMONY.—In a criminal trial it is error for the court to adjourn court to a hotel to hear the testimony of the prosecuting witness, against the objection of the defendant.

2. EVIDENCE—CRIMINAL TRIAL—INSANITY OF MOTHER AND SISTER OF PROSECUTING WITNESS.—In a criminal prosecution, where the sanity of the prosecuting witness has not been called in question, testimony tending to show that her mother and sister are insane is inadmissible.

3. EVIDENCE—CRIMINAL CASE—MENTAL CAPACITY OF PROSECUTING WITNESS.—In a criminal prosecution, where it is contended that the prosecuting witness was subject to insane delusions at times, in order to explain her conduct, it is admissible to prove this fact by witnesses who have personal knowledge of her condition of mind or mental delusions, as well as by her acts and conduct on the occasions in question.

Appeal from Arkansas Circuit Court; *Thos. C. Trimble,* Judge; reversed.

*John W. Moncrief,* for appellant.

1. The sanity or insanity of the prosecutrix was material to the defense. It was error to refuse to allow defendant to introduce testimony to show the insanity of the mother and sister of the prosecuting witness. The court's remarks were prejudicial. 54 Ark. 489; L. R. A. (N. S.) 1917 E. 857; Ann. Cas. 1917 B. 1054; 62 Ark. 126; 51 *Id.* 147.

2. It was error to adjourn court to the hotel.

3. The court erred in its instructions to the jury.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. There was no error in refusing to admit evidence as to the insanity of the sister and mother of prosecutrix. 53 Tex. Cr. 202; 23 Ala. 44.

2. It was not error to adjourn court to the hotel. The evidence supports the verdict.

HART, J. C. W. Mell prosecutes this appeal to reverse a judgment of conviction against him for the crime of assault with intent to rape. His punishment was fixed by the jury at a term of three years in the State penitentiary and the evidence adduced for the State was sufficient to warrant the verdict. On the other hand the testimony of the defendant exonerated him from the charge.

The record shows that the prosecuting attorney at the beginning of the trial asked that the court be adjourned to a hotel situated in the town near the court house for the purpose of taking testimony of the prosecuting witness. This request was granted by the court against the objections of the defendant. The court and the jury over the objections of the defendant went to the hotel and took the testimony of the prosecuting witness and then returned to the court house for the purpose of conducting the trial. After the defendant

had concluded his testimony, the prosecuting attorney again asked the court to adjourn to the hotel for the purpose of taking the testimony of the prosecuting witness in rebuttal. This was granted against the objection of the defendant. The prosecuting attorney made the request in each instance on the ground that the prosecuting witness was too ill to leave the hotel and come to the court house and give her testimony there. In several jurisdictions where the question has been raised it has been held, that unless prohibited by statute, the trial court may in its discretion adjourn court to the home of a witness to take his testimony where the witness is unable to attend the trial at the court house. *Davis* v. *The Commonwealth* (Ky.), 121 S. W. 429, and *Selleck* v. *Janesville* (Wis.), 69 Am. St. Repts. 906, 41 L. R. A. 563.

(1) On the other hand it has been held to be reversible error to adjourn the trial of a criminal case to the home of the witness against the objection of the defendant. Bishop's New Criminal Procedure, (2d ed.) Vol. 2, Sec. 1195; *Adams* v. *State,* 19 Texas Court of Appeals, page 1; *Carter* v. *State,* 100 Miss. 342, Ann. Cas. 1914-A 369, and *Funk* v. *Carroll County* (Ia.), 64 N. W. 768. We think the trend of our decisions is towards the later rule. In *Dunn* v. *State,* 2 Ark. 229, the court said:

"The common law defines a court to be a "place where justice is judicially administered," and therefore to constitute a court there must be a place appointed by law for the administration of justice, and some person authorized by law to administer justice at that place, must be there for that purpose. Then, but not otherwise, there is a court, and the judicial power of the State may be there exercised by the judge or person authorized by law to hold it; and if the law prescribed no time for holding the court, the judge might lawfully hold it when, and as often as he chose. So, likewise, if the place was left to his election, instead of being fixed and prescribed by law, he might lawfully sit in judgment, where he pleased, within the territorial limits prescribed to his

jurisdiction, but in this State both the time and place of holding the terms of the circuit court in each county are prescribed by law.''

The court has recognized that in cases of emergency, such as the destruction of the court house by fire, the court itself may secure other quarters in the county seat for temporary use in the administration of justice. *Hudspeth* v. *State,* 55 Ark. 323; *Lee* v. *State,* 56 Ark. 4. In the case of *Williams* v. *Reutzel,* 60 Ark. 155, it is said that the object of the rule seems to be to obtain certainty and to prevent a failure of justice through the parties concerned or affected not knowing the place of holding court. The manifold mischiefs that might arise from permitting a court to assume a migratory character and travel from place to place in the same locality or even in the same town are manifest. It is apparent that courts are held to determine the rights of all who are properly brought before them; and that numerous cases are pending in the same court at the same time. It would detract from the majesty of the law, lessen the dignity of courts and cause trouble and injustice to litigants if the courts should be held at any other time or place than that provided by law. It follows therefore that the court erred in adjourning to the hotel to take the testimony of the prosecuting witness against the objection of the defendant.

(2) Error is assigned because the court refused to allow the defendant to introduce testimony tending to show the insanity of the mother and sister of the prosecuting witness. There was no error in the ruling of the court. It is contended that the evidence was competent on the question of the credibility of the witness. No objection was made to the mental competency of the prosecuting witness when she testified and no question was then raised as to her mental condition. To have permitted the defendant at the trial to have introduced evidence to prove the insanity of her mother and sister would have been collateral to the issue to be tried before

the jury and that was the guilt or innocence of the defendant.

 . Inasmuch as the judgment must be reversed and the cause remanded for a new trial we will declare the law applicable to the admission of evidence relating to the mental condition of the prosecuting witness.

(3) In the *District of Columbia* v. *Armes,* 107 U. S. 519, the court said: "The general rule, therefore, is, that a lunatic or person affected with insanity is admissible as a witness if he have sufficient understanding to apprehend the obligation of an oath, and to be capable of giving a correct account of the matters which he has seen or heard in reference to the questions at issue; and whether he have that understanding is a question to be determined by the court, upon examination of the party himself, and any competent witnesses who can speak to the nature and extent of his insanity."

It is not contented by the defendant that the prosecuting witness was mentally incompetent to testify in the case. His contention was that she was subject to insane delusions at times and it was admissible in order to affect her credibility as a witness and to explain her conduct to prove this fact by witnesses who had personal knowledge of her condition of mind or mental delusions as well as by her acts and conduct on the occasion in question. Wharton's Criminal Evidence, (10 ed.) Vol 1, Sec. 370-A & B; Underhill on Criminal Evidence (2 ed.) Sec. 203; 1st Wigmore on Evidence, Secs. 492-497. See also, *People* v. *Enright,* (Ill.) 99 N. E. 936, Ann. Cas. 1913-E, 318 and note, and *State* v. *Simes* (Ida.), 9 A. & E. Ann. Cas. 1216.

For the error indicated in the opinion the judgment will be reversed and the cause remanded for a new trial.