Raymond G. LASKY et al., Plaintiffs,

v.

Sheriff Lawrence QUINLAN et al., Defendants.

No. 73 Civ. 1666 (HFW).

United States District Court,
S. D. New York.

Jan. 8, 1976.

Jack P. Levin, New York City, for plaintiffs.

Peter L. Maroulis, Poughkeepsie, N. Y., for defendant Sheriff Lawrence Quinlan.

## MEMORANDUM

WERKER, District Judge.

This action was commenced on April 16, 1973 as a purported class action by plaintiffs under 42 U.S.C. § 1983 alleging violations of the civil rights of the plaintiffs who were then inmates of the Dutchess County Jail. The complaint demanded only injunctive relief.

Honorable Murray I. Gurfein, former District Judge now Circuit Judge, to whom the case was originally assigned held an evidentiary hearing on July 2, 5 and 6 and on July 13, 1973 inspected the Jail at Poughkeepsie, New York. Thereafter on July 25, 1973 the parties entered into a stipulation in effect settling the action. The stipulation was "So Ordered" by Judge Gurfein on July 30, 1973 and a memorandum was filed by Judge Gurfein providing *inter alia*:

"The action is dismissed upon the stipulation being filed subject to reopening or the institution of contempt proceedings in the event of a wilful failure to comply with the aforementioned order of the Court."

On December 8, 1975 plaintiffs moved this Court for an order:

1. adjudging the defendant Lawrence M. Quinlan (the "Sheriff") to be in civil contempt of this court's order of July 30, 1973;

2. compelling compliance with that order; and

3. awarding to plaintiffs' counsel reasonable attorneys fees and the costs incurred in prosecuting those motions.

The court scheduled a hearing on that motion for February 2, 1976. It is estimated that the hearing will take 5 days to complete.

Plaintiff's counsel has now moved this court for an order under 28 U.S.C. § 141 directing that the hearing be held at a special session of the District Court at Poughkeepsie, New York.

The basis for plaintiffs' motion is that plaintiffs' proof will consist largely of testimony by inmates, guards, physicians and public officials all of whom work or reside in or near Poughkeepsie, New York.

Approximately ten inmates are expected to testify, and if a hearing is held in New York City the transportation and housing of these inmates will undoubtedly be a burden upon both the Dutchess County and Federal authorities.

Furthermore if the hearing is held in Poughkeepsie the calling of guards and inmates will less adversely affect the jail routine and the court's schedule given the uncertainty of developments in hearings of this type as testimony is adduced. Certainly the hearing would be less burdensome to the physicians who will be required to testify.

Finally plaintiffs are appearing herein in *forma pauperis* and are clearly unable to pay any witness fees or any costs of housing or feeding witnesses in New York City. The burden imposed upon non-inmate witnesses who would be required to appear would thus be substantial.

The problem is further complicated by the question of maintaining the security of the prisoners who must be transported to and from the Federal Courthouse as needed over a distance of approximately 80 miles one way and the inconvenience to the court which may result if one or more persons having been returned to Poughkeepsie should need to be recalled.

Defendant Lawrence M. Quinlan's attorney, Peter L. Maroulis, Esq., has joined in the motion adding to plaintiffs' counsel's reasons that the witnesses are all in Dutchess County, that the hearing in New York would unnecessarily disrupt the functioning of the sheriff's office and that as a sole practitioner his effectiveness in assisting the Sheriff would be limited if the hearing were to be held in New York City.

So far as can be determined by this court the statutes involved in a determination of this motion are:

### 28 U.S.C. § 112(b)

"Court for the Southern District shall be held at New York."

### 28 U.S.C. § 141 (1970)

"Special Sessions of the district court may be held at such places in the district as the nature of the business may require, and upon such notice as the court orders.

"Any business may be transacted at a special session which might be transacted at a regular session."

### 28 U.S.C. § 142 (1970)

"Court shall be held only at places where Federal quarters and accommodations are available, or suitable quarters and accommodations are furnished without cost to the United States. The foregoing restrictions shall not, however, preclude the Administrator of General Services, at the request of the Director of the Administrative Office of the United States Courts, from providing such court quarters and accommodations as the Administrator determines can appropriately be made available at places where regular terms of court are authorized by law to be held, but only if such court quarters and accommodations have been approved as necessary by the judicial council of the appropriate circuit."

### Fed.R.Civ.P. 77(b)

"All trials upon the merits shall be conducted in open court and so far as convenient in a regular courtroom. All other acts or proceedings may be done or conducted by a judge in chambers, without the attendance of the clerk or other court officials and at any place either within or without the district; but no hearing, other than

one ex parte, shall be conducted outside the district without the consent of all parties affected thereby."

 The court takes it from the spare authorities which are available that where the interests of justice will be served a hearing is properly held away from the place where the court normally sits.

Prison cases have been heard at special sessions of this court. *See Negron v. Preiser,* 382 F.Supp. 535 (S.D.N.Y. 1974) where a hearing was held at Matteawan State Hospital located in Dutchess County.

> "The primary concern of a Court is the achievement of ultimate justice. It is the view of this Court that the time and place of such a hearing is a matter of judicial discretion which is to be guided by the basic aim of our judicial system." *United States v. Haderlein,* 118 F.Supp. 346, 347 (N.D. Ill.1953).

In *United States v. Tomaiolo,* 249 F.2d 683 (2d Cir. 1957) the Second Circuit affirmed a trial court's decision to hold a special session at a witness's home when for reasons of health the witness was unable to travel 60 miles to the courthouse in the following language at page 693:

> "Under 28 U.S.C.A. § 141 the Court is given wide discretion to move the place of trial to such places in the district 'as the nature of the business may require.' If the Court finds, upon proper application, that it is in the interest of justice to move the trial in order to take testimony which is relevant to the issues, that is sufficient."

I find that in this particular case the interests of justice will best be served by holding a special session of this court at the Bankruptcy Court in the City of Poughkeepsie on February 2, 1976 at 2:00 p. m. in the afternoon. These are quarters and accommodations which are available to the court without additional expense.

Not only will plaintiffs and the defendant be best served by this place of hearing but those witnesses who may be subpoenaed by either party will not be placed in a position because of the indigence of the plaintiffs where they might be caused economic loss in the performance of a civic duty.

Finally the exercise of discretion is in large part based upon a philosophy that justice is often served best by a willingness to bring the seat of justice to the area where the interest of parties may be openly and fully presented to the end that the public interest in the proper administration of justice may be reinforced and strengthened.

So ordered.