## Josef V. HOBSON *v.* Honorable Maupin CUMMINGS

75-369                                    536 S.W. 2d 132

### Opinion delivered May 10, 1976

*Sam Sexton, Jr.,* for petitioner.

*Jim Guy Tucker,* Atty. Gen., by: *Lonnie Powers,* Dep. Atty. Gen., for respondent.

JOHN A. FOGLEMAN, Justice. Petitioner Josef V. Hobson, a member of the bar of this court, and the attorney of record for Brenda Dianne Jeko, Administratrix of the Estate of Gregory Britt Jeko, Deceased, in a cause of action in the Circuit Court of Washington County vs. Lois Stratton, Administratrix, Civ.-75-767, filed his petition for prohibition in this court. He prayed that this court prohibit the Circuit Judge, Hon. Maupin Cummings, from requiring him to appear at any contempt proceedings before Judge Cummings and from conducting any contempt proceedings on a charge based upon a petition by Hobson's client that he be cited for contempt of the Circuit Court of Washington County. The charge was based upon an allegation that Hopson had received a portion of a recovery from Lois Stratton, as Ad-

ministratrix of the Estate of Dayton Frank Stratton, Deceased, under an order of the circuit court approving a compromise settlement of the above-styled cause of action, but had failed and refused to return the sum received by him into the registry of the court. It was asserted that this constituted a failure to comply with an order of the court setting aside the order approving the settlement.

On November 21, 1975, Judge Cummings disqualified himself from further participation in the case, and certified his disqualification to the Chief Justice, who, on November 24, 1975, appointed the Hon. Joe Villines, Circuit Judge in the Fourteenth Judicial District, to preside in the cause. The order of assignment contained this provision:

> This assignment includes all ancillary proceedings which may arise in connection with said cause and proceedings subsequent thereto. The hearing of said cause and proceedings subsequent thereto shall be held at such time or times as shall be directed and ordered by Judge Joe Villines.

The order to petitioner Hobson to appear to show cause why he should not be held in contempt of court was issued by Judge Cummings on December 2, 1975. It required Hobson to appear before the court on December 23, 1975.

Respondent takes the position that disqualification did not affect his power to enforce the order made prior to his disqualification. The petition for citation was filed and the order thereon entered in the proceeding in which Judge Cummings disqualified. This was certainly an ancillary proceeding which arose in connection with the cause in which the assignment was made. Whatever the cause of the disqualification, the assignment of Judge Villines included this proceeding. No further proceedings should be taken by Judge Cummings in the contempt proceeding.

The writ of prohibition lies to a court, not a judge. *Dunbar* v. *Bourland,* 88 Ark. 153, 114 S.W. 467; *Reese* v. *Steel,* 73 Ark. 66, 83 S.W. 335, on rehearing, 83 S.W. 1136. While we have recognized in the cited cases that there may be excep-

tional cases where the writ would lie to a judge acting in chambers, this is not such a case. Insofar as further action by Judge Cummings is concerned prohibition does not apply. However, petitioner has asked in his brief that we prohibit the Circuit Court of Washington County from proceeding against him in any contempt proceeding arising out of the case. This is premature and the contentions argued here by petitioner should be first presented to the trial court. Furthermore, this relief was not sought in the petition filed here.

This does not mean that there is no relief available to petitioner. We have usually looked to substance rather than form in such instances. See, e.g., *Howell v. Howell,* 213 Ark. 298, 208 S.W. 2d 22; *State ex rel Purcell* v. *Nelson,* 246 Ark. 210, 438 S.W. 2d 33. The response filed, even though by amicus curiae, and respondent's brief clearly indicate to us that Judge Cummings expects and intends to conduct the hearing on the citation for contempt. A conviction would be reviewed on certiorari, not appeal. Respondent's argument that petitioner's remedy on appeal would be adequate is not appropriate.

We have utilized the writ of mandamus to cause a circuit judge who was disqualified to refrain from further presiding in the cases in question there. See *Copeland* v. *Huff,* 222 Ark. 420, 261 S.W. 2d 2. We did so because the duty of the judge to withdraw from further participation was only a ministerial act, since ineligibility was clear, as a matter of law, on the undisputed facts. This is such a case, even though the factual background is dissimilar. The disqualification and the order of assignment make the judge's duty in this case fall within the ambit of our holding in *Copeland.*

Petitioner's pleading here is treated as a petition for mandamus to Judge Cummings to refrain from presiding in proceedings pertaining to charges of contempt of court against petitioner arising from actions or omissions in regard to proceedings in the case of Brenda Dianne Jeko, Administratrix v. Lois Stratton, Administratrix, No. Civ. 75-767, in the Circuit Court of Washington County and, as such, is granted.

The Chief Justice did not participate in the consideration or decision of this case.