Dennis RENFRO *v.* STATE of Arkansas

CR 78-123                                      573 S.W. 2d 53

Opinion delivered November 20, 1978
(Division II)

*C. W. Knauts,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Dennis Renfro filed a motion for modification of his sentence of ten years' imprisonment imposed on June 6, 1977, upon his plea of guilty to the charges of burglary and theft. He asked that three years of the sentence be suspended. The motion, which was filed under Criminal Procedure Rule 37.3, was denied without a hearing. Renfro asserts on appeal that the court erred in denying an evidentiary hearing without making a finding that the records of the case conclusively showed that he was not entitled to relief, in failing to appoint counsel upon his motion, in failing to rule on his contention that the court was without jurisdiction to impose the sentence and in accepting his guilty plea to the charges on which he was sentenced without adhering to safeguards required by United States and state constitutional requirements. We find no reversible error.

Renfro alleged in his petition that he entered a plea of guilty to the charges on the advice of his court appointed attorney, who refused to prepare his case for trial, and that the only time he saw this attorney was just three minutes before he was sentenced, when the attorney told him he had to plead guilty. He also alleged that he was coerced and intimidated into entering a plea of guilty by this attorney and the Sheriff of Clay County, who threatened him with a sentence of 21 years if he did not accept a plea bargain. There was a further allegation in his petition that the plea of guilty was entered with the understanding that he would be given a sentence of seven, rather than ten, years.

Appellant complains that the court did not make a finding that the files and records in the case conclusively showed that he was entitled to no relief or specify the parts of the files or records relied upon to sustain the court's findings, as required by Criminal Procedure Rule 37.3 (a). Appellant relies upon *Cusick* v. *State*, 259 Ark. 720, 536 S.W. 2d 119 and *Machibroda* v. *United States*, 368 U.S. 487, 82 S. Ct. 510, 7 L. Ed. 2d 473, as establishing his right to an evidentiary hearing.

This case is unlike *Cusick*. There we found that the files and records in the case did not show conclusively that the petitioner was entitled to no relief. The situation is quite different here. The trial judge made the following findings:

Petitioner alleges that his pleas of guilty to the crimes of burglary and theft were involuntary; that it was coerced; and that he did not agree to or understand the negotiated plea bargain recommendation.

The Court being well and sufficiently advised in the matter, and in reliance upon said motion, the files and records of the case, and the transcript of the plea, sentence and allocution proceedings makes the following findings of fact and conclusions of law:

The Court finds that in case no. 74-9 petitioner was charged with the crime of assault with intent to kill by information filed on March 13, 1974. To that charge defendant entered a plea of guilty on January 27, 1975, upon which plea he was sentenced to a term of ten years in the Department of Correction with seven years of that sentence being suspended conditioned upon good conduct and behavior; that on May 23, 1977, the State filed a petition to revoke the seven years suspended; that in case no. 77-5 defendant was charged with the crimes of burglary and theft to which charges he tendered a plea of guilty on June 6, 1977; that petitioner was represented by his court appointed attorney, Oliver Cox; that petitioner was sentenced to a term of ten years for burglary and theft, and to a concurrent term of seven years on assault with intent to kill on the petition to revoke.

The Court further finds that prior to accepting the petitioner's pleas of guilty to the crime of burglary and theft, the Court fully advised and informed petitioner of the nature of the charges and specific acts involved, the minimum and maximum sentences, his right to trial by jury; and did ascertain from the petitioner that he knew and understood; and that he was waiving a jury trial.

The Court further finds that petitioner stated to the Court that he had not been abused or mistreated or forced or coerced in any way whatsoever into pleading guilty to these charges; that he had not been made any promises or threats in order to get him to plead guilty; that he fully discussed all the facts and circumstances of the charges with his attorney; that he had no question concerning the manner in which his attorney had handled his case; that he had no complaint or criticism of his attorney; that he felt that his attorney's services had been in his best interest; that after the negotiated recommendation of ten years had been stated to the Court, petitioner stated to the Court that he heard and understood the recommendation; that the recommendation had been explained to him before entering his pleas of guilty; that he had no questions about the recommendation, and that he had nothing further to offer before sentence was passed.

These findings constitute substantial compliance with the requirements of Rule 37.3 (a).

A judgment entered January 27, 1975, shows that Renfro was sentenced to a term of ten years, with seven years suspended, on a charge of assault with intent to kill. By a judgment entered June 6, 1977, the suspension was revoked, upon Renfro's plea of guilty to a charge that he had violated the terms of the suspension. Another judgment entered the same day is the judgment of which Renfro complains. The sentences imposed by the latter two judgments were specifically made concurrent. Both contained this recitation:

Whereupon the Court did inform the defendant of the nature of the charge, his plea thereon and asked if he had any legal cause to show why judgment should not

now be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court.

The record of the sentencing procedure is a clear refutation of appellant's charges. It shows that the trial judge, after separately stating the particulars of the charges of burglary and theft, but before the plea of guilty was entered by Renfro in person, specifically asked if Renfro understood each of these charges and received an affirmative response. After the pleas of guilty were entered, the court asked Renfro if he understood that, as a consequence of his pleas of guilty, he could be sentenced to imprisonment for not less than three nor more than twenty years and fined up to $15,000 upon the charge of burglary and to not less than one nor more than five years and fined up to $10,000 on the charge of theft. Renfro responded to these inquiries in the affirmative. The record further discloses a thorough inquiry as to the assistance of counsel, the voluntariness of his pleas and the sentence recommended by the prosecuting attorney, before the sentence on the burglary and theft charges was pronounced. The answers then given by Renfro show clearly that there is no ground for relief on the allegations of his motion. The record discloses the following proceedings:

THE COURT: Have you been abused or mistreated or forced or coerced in any way whatsoever into pleading guilty to these charges?

MR. RENFRO: No, sir.

THE COURT: Have you discussed the case with your attorney, Mr. Cox, all of the facts and circumstances of the charges against you?

MR. RENFRO: Yes, sir.

THE COURT: Do you have any questions concerning the manner in which your attorney has handled your case?

MR. RENFRO: No, sir.

THE COURT: Any complaint or criticism?

MR. RENFRO: No, sir.

THE COURT: Do you feel that his services have been in your best interest?

MR. RENFRO: Yes.

THE COURT: It will be the finding and judgment of the Court that your pleas of guilty tendered are voluntary pleas and they will be accepted by the Court. Has there been a plea discussion and a recommendation in this case?

MR. CALVIN: Yes, sir, Your Honor, the defendant be sentenced to serve ten years in the Department of Correction.

THE COURT: Mr. Renfro, did you hear and understand the recommendation just made for the disposition of the charges against you?

MR. RENFRO: Yes, sir.

THE COURT: Had that recommendation been explained to you before entering your pleas of guilty?

MR. RENFRO: Yes, sir.

THE COURT: Do you have any questions of the Court about the recommendation?

MR. RENFRO: No, sir.

THE COURT: Do you have anything further to offer at this time then before sentence is passed?

MR. RENFRO: No, sir.

On the basis of this record, *Machibroda* is no more applicable than *Cusick*. The record made is a complete negation of Renfro's charges, because it discloses that he was specifically asked questions that called upon him to advise the trial judge of the very things of which he now complains.

The record does cast real light upon the issues raised by Renfro's motion and the trial judge was not left to draw upon his own personal recollection or knowledge.

Renfro also contends that he was entitled to the appointment of counsel under the provisions of Rule 37.3 (b). That rule, however, by its very wording, requires appointment of counsel only for a "hearing in circuit court" or for appeal from an adverse ruling. Counsel was appointed for the purpose of appeal. When subsection (b) of this rule is read with subsection (c), it is clear that the rule requires appointment of counsel only when the trial court does not dispose of a petition under subsection (a). Since this petition was disposed of under (a), there was no error in this respect.

Renfro also complains that the trial court was without jurisdiction to impose the sentence upon him because he was charged with the crime in the Western District of Clay County and sentenced in the Eastern District. He now contends that he is entitled to an evidentiary hearing on this question because the trial court did not rule upon this issue, which was raised by his petition. Nevertheless, there is no reversible error. This question was raised for the first time in the postconviction petition. Appellant has failed to offer any reason or excuse for not raising this question at the time of sentencing. He is not now entitled to raise the question. *Coleman* v. *State,* 257 Ark. 538, 518 S.W. 2d 487. Furthermore, we do not feel that there is any merit in this contention insofar as the sentencing procedure is concerned, at least in the absence of a specific objection. Under the provisions of Ark. Stat. Ann. § 22-313 (Repl. 1962), the circuit judge was authorized to "hear, adjudicate or render any appropriate order with respect to, any cause or matter pending in any circuit court over which he presides" at any place in the judicial circuit which he serves as judge, subject to notice of the time, place and nature of the hearing, but he could not try a contested case outside the county of venue, unless the interested parties agreed.

We take judicial notice that the sentencing judge, Judge Gerald Pearson, was the circuit judge for the Second Judicial District at the time of the sentencing of appellant and that all of Clay County is in the geographical area of that district.

Appellant does not allege that he had no notice that the sentence was to be imposed in the Eastern District of Clay County, or that he had any objections to its being done there.

Since we find no reversible error, the judgment is affirmed.

We agree. HARRIS, C.J., and BYRD and HICKMAN, JJ.