Jackie MADEWELL v. STATE of Arkansas

CR 86-104                                720 S.W.2d 913

Supreme Court of Arkansas
Opinion delivered December 22, 1986

*Orville C. Clift*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant pleaded guilty to three counts of aggravated robbery and was sentenced to thirty years on the first count, thirty years on the second, and twenty-five years on the third, with the sentences to be served consecutively. He subsequently filed a petition for post-conviction relief pursuant to A.R.Cr.P. Rule 37. At the end of the hearing on the petition, the trial judge advised appellant from the bench that he planned to deny the petition. Before the trial court issued written findings of fact and conclusions of law, appellant filed a "Motion of Reconsideration. . . ." The trial court treated the motion as an amendment to the original petition. In the findings of fact and conclusions of law, the trial court denied both the original petition and the subsequent motion. We affirm.

On appeal, appellant argues seven points, but two of the points, failure to explain concurrent versus consecutive sentencing and failure to make sufficient inquiry regarding the factual basis for the plea, were not raised in either the petition for post-conviction relief, or the Motion for Reconsideration. All grounds for relief pursuant to Rule 37 must be asserted in the original or amended petition. A.R.Cr.P. Rule 37.2(b) and (e). We do not consider these two issues which are raised for the first time on appeal.

With regard to the remaining issues, appellant states that while the information charged him with three counts of aggravated robbery, a class Y felony, the prosecutor listed the applicable statute as Ark. Stat. Ann. § 41-2103 which defines robbery, a class B felony. From that basis appellant argues that the trial court erred in sentencing him for aggravated robbery when only the robbery statute was listed on the information. No objection of this nature was raised at the trial court level before sentencing. Rule 37 relief is not available on issues which could have been raised in the trial court before sentencing, but were not, unless the issues are so fundamental as to render the judgment void. *McCroskey* v. *State*, 278 Ark. 156, 644 S.W.2d 271 (1983).

The listing of the wrong statute number on an Information which otherwise clearly explains that appellant was being charged with three counts of aggravated robbery is not so fundamental an error as to render the judgment void.

■ Appellant next argues that he had ineffective assistance of counsel, since counsel did not object to the wrong statute number being listed on the Information. The argument is without merit. Specified errors of counsel are to be evaluated under the standards enunciated in *Strickland* v. *Washington*, 466 U.S. 668 (1984). There the Court held that the benchmark for judging a claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the trial process that the trial cannot be relied on as having produced a just result. In order to reach that mark, a defendant must prove that counsel's performance was deficient and the deficient performance was so prejudicial that the result of the trial was not reliable. It is an understatement to say the appellant has not reached that mark.

■ In addition, a defendant must prove prejudice as a result of ineffective counsel. In this case, in the original proceeding, the appellant pleaded guilty to the three aggravated robberies. At the post-conviction hearing he did not offer any evidence to show that his plea was unreliable. Since there is no reasonable doubt about appellant's guilt or the reliability of the plea, the appellant has suffered no prejudice. The appellant has failed to prove a deficient performance by counsel and failed to prove prejudice, so his argument must fail. *Crockett* v. *State*, 282 Ark. 582, 669 S.W.2d 896 (1984).

■ Appellant next argues that the trial court erred in not apprising him of the minimum and maximum terms for robbery. No objection of this nature was made to the trial court prior to sentencing, but, even if such objection had been made, it would not matter because there simply was no error by the trial court. The court was correct in not explaining the minimum and maximum terms for robbery, since appellant was not charged with robbery, but instead, was charged with three counts of aggravated robbery.

Appellant next contends that the trial court erred in convicting and sentencing him for three offenses where they actually constituted only one continuous course of conduct. Again, no

objection of this nature was raised in the trial court prior to sentencing. However, since this allegation, if true, would violate the double jeopardy provisions of Ark. Stat. Ann. § 41-105(1)(e) (Repl. 1977) and would thus be so fundamental as to render part of the judgment void, we consider the argument on its merits. *See Brewer v. State*, 277 Ark. 40, 639 S.W.2d 54 (1982).

The Criminal Code provides that when the "same conduct" of the defendant may establish the commission of more than one offense, the defendant may be prosecuted for each offense. Ark. Stat. Ann. § 41-105(1)(e). However, the defendant may not be convicted of more than one offense if the conduct constitutes an offense defined as a continuing course of conduct. The Commentary explains that a continuing offense is an uninterrupted course of conduct such as nonsupport, Ark. Stat. Ann. § 41-2405, or maintaining a gate across a public road, Ark. Stat. Ann. § 41-2915. Aggravated robbery is not defined as a continuing offense. *Britt v. State*, 261 Ark. 488, 549 S.W.2d 84 (1977). It is a single crime. Here, the appellant committed three separate aggravated robberies, the first occurring at a Save-Mart store, the next at a 7-11 store, and the third at a Pizza Hut. There was not a single continuing offense, for the three acts of aggravated robbery were separated in point of time and place. There were three offenses.

Appellant also contends that the court erred in not finding that he was under the influence of drugs when he pleaded guilty and argues that the judge should have inquired as to whether he was taking drugs pursuant to A.R.Cr.P. Rule 24.4. We will not reverse a trial court's denial of post-conviction relief unless the trial court's findings are clearly against the preponderance of the evidence. *Guy v. State*, 282 Ark. 424, 668 S.W.2d 952 (1984).

Here, the trial court heard evidence from appellant's attorney that at the time they discussed appellant's desire to enter a guilty plea he "appeared to me to be entirely cognizant of what was going on. He was lucid. He was able to articulate what he thought. His thoughts were completely connected, completely coherent. He knew exactly what he was doing." His attorney also testified that he was completely lucid at the time he pleaded guilty. We cannot say the trial judge's findings were clearly

against the preponderance of the evidence.

 Further, while it is a good practice for a trial judge to make a record concerning the recent use of drugs or alcohol, A.R.Cr.P. Rule 24.4 does not mandate such an inquiry.

Affirmed.