Jerry ELLIS *v.* STATE of Arkansas

CR 83-26                                        722 S.W.2d 575

Supreme Court of Arkansas
Opinion delivered January 20, 1987

*Appellant*, pro se.

No response.

PER CURIAM. On April 27, 1982, the petitioner Jerry Ellis was convicted in the Circuit Court of Jefferson County of kidnapping and aggravated robbery. We affirmed. *Ellis* v. *State*, 279 Ark. 430, 652 S.W.2d 35 (1983). Petitioner now seeks permission to proceed pursuant to Criminal Procedure Rule 37 on the allegation that the circuit court did not have jurisdiction to try him for the offense of aggravated robbery.

Rule 37.2(c) provides that a petition claiming relief under the rule must be filed within three years of the date of commitment, unless some ground for relief would render the judgment of conviction absolutely void. *See Collins* v. *State*, 271 Ark. 825, 611 S.W.2d 182, *cert. denied* 452 U.S. 973 (1981). Lack of jurisdiction is a ground sufficient to void a conviction. *Travis* v. *State*, 286 Ark. 26, 688 S.W.2d 935 (1985).

The petitioner here was accused of kidnapping a man in Jefferson County. The victim was driven to Little Rock where he was robbed. Ark. Stat. Ann. § 43-1414 (Repl. 1977) provides:

Where the offense is committed partly in one (1) county and partly in another, or the acts or effects thereof, requisite to the consummation of the offense, occur in two (2) or more counties, the jurisdiction is in *either* county.

The offense of kidnapping in this case occurred in Jefferson County and culminated in the aggravated robbery of the victim in Pulaski County. Under these facts, Jefferson County had jurisdiction to try the petitioner for both offenses. *Cozzaglio* v. *State*, 289 Ark. 33, 709 S.W.2d 70 (1986). As petitioner has not shown that the judgment is his case is void, the petition under Rule 37 is not timely and is dismissed.

Petition dismissed.