Shelly VOYLES *v.* Danny VOYLES

92-1148                                        842 S.W.2d 21

Supreme Court of Arkansas
Opinion delivered November 23, 1992

*Mike J. Etoch*, for appellant.

*Fletcher Long*, for appellee

PER CURIAM. In this civil case, the appellant's tender of the transcript was denied by our clerk because the order extending the time to file the transcript was not *entered* within the ninety-day period. *See* Ark. R. App. P. 5(b).

The trial court signed the order within the ninety-day period, but it was not *entered* within that period. Rule 4(e) of the Arkansas Rules of Appellate Procedure provides that a final "order is *entered* within the meaning of this rule when it is filed with the clerk of the court in which the claim was tried." (Emphasis supplied.)

We explained in *Finley v. State*, 281 Ark. 38, 661 S.W.2d 358 (1983) and *Sullivan v. Wickliffe*, 284 Ark. 33, 678 S.W.2d 771 (1984), that the critical factor in this type of case is when the order is *entered*, not when it is signed.

In this case the order was timely signed and filed with the judge, but not with the clerk of the court. A question has been raised about a possible conflict of the above quoted rule of appellate procedure with one of our rules of civil procedure. Ark. R. Civ. P. 5(d) provides:

> Filing with the Judge. The judge may permit papers or pleadings to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk.

■ We addressed this issue in *Sullivan* v. *Wickliffe, supra*, and explained that an order cannot be deemed *entered*, or filed with the clerk, just because it is signed by the judge and it contains a recitation that it is filed, when in fact it is not filed with the clerk. If our rules were otherwise, the prevailing party could not discover *by public record* whether the case was ended.

Motion for a rule on the clerk is denied.