Edward Eugene WADDLE *v.* Willis SARGENT, Warden,
Arkansas Department of Correction

CR 92-1227                                        855 S.W.2d 919

Supreme Court of Arkansas
Opinion delivered June 21, 1993

*Edward Eugene Waddle*, for petitioner.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for respondent.

DONALD L. CORBIN, Justice. Petitioner filed a petition for a writ of habeas corpus in Lincoln County, the county where he is currently being held in prison. The circuit court of that county denied the petition. Petitioner appeals. The primary issue is whether he is being held in the Arkansas Department of Correction without lawful authority. He is being held without lawful authority, and, as a result, we grant the writ of habeas corpus subject to the order we deem proper.

On July 8, 1988, the petitioner was charged in the Circuit Court of Faulkner County with the rape and capital murder of Eunice Collins and was additionally charged with arson for setting the victim's house on fire to conceal the evidence. The

information alleged that the crimes took place in Faulkner County, and the case was assigned Faulkner County Circuit Court Number CR-88-152. Faulkner County is a part of the 20th Judicial District. Judge Rogers, elected, qualified, and acting Circuit-Chancery Judge of the 11th Judicial District, was assigned by the Chief Justice as the judge to hear petitioner's case after the elected, qualified, and acting Circuit Judge for the 20th Judicial District, Francis T. Donovan, disqualified from the case. *See* Ark. Code Ann. § 16-10-101(b)(1) (1987). On March 9, 1989, pursuant to a plea agreement petitioner entered a plea of guilty to the charge of first degree murder in front of Judge Rogers. This plea hearing was held in Arkansas County, which is in the 11th Judicial District. Judge Rogers pronounced a sentence of life imprisonment, but did not enter a judgment of conviction or order of commitment. Judge Andre E. McNeil, Chancery Judge for the 20th Judicial District, signed the judgment and commitment order on March 14, 1989, as a circuit judge on exchange with Judge Russell Rogers.

Appellant's first point on appeal is that the trial court lacked jurisdiction to try his case. A plea of guilty is the accused's trial. *Padilla* v. *State*, 279 Ark. 100, 648 S.W.2d 797 (1983). Article 2, Section 10 of the Constitution of Arkansas provides in pertinent part:

> In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by impartial jury of the county in which the crime shall have been committed; *provided that the venue may be changed to any other county of the judicial district in which the indictment is found, upon the application of the accused, in such manner as now is, or may be, prescribed by law*[.] [Emphasis added].

Article 7, Section 13 of the Arkansas Constitution provides that a circuit judge "shall reside in and be a conservator of the peace *within the circuit for which he shall have been elected.*" (Emphasis added). In accordance with these provisions of our constitution, Ark. Code Ann. § 16-88-105 (1987) provides that circuit courts shall have jurisdiction to try criminal offenses within the bounds of the geographical judicial district as follows: "The local jurisdiction of circuit courts . . . shall be of offenses committed

*within the respective counties in which they are held."* (Emphasis added). Similarly, Ark. Code Ann. § 16-13-210 (1987) provides that a circuit judge who is *"physically present in the geographical area of the judicial district* which he serves as judge may hear, adjudicate, or render any appropriate order with respect to, any cause or matter pending in any circuit court over which he presides[.]" (Emphasis added). In sum, our constitution and applicable statutes provide that a circuit judge may act in a criminal case only when he is within the geographical area of the judicial district in which the charge is filed and we have so held for over 150 years. *See Sexson* v. *Municipal Court of Springdale,* 312 Ark. 261, 852 S.W.2d 308 (1993); *Auditor* v. *Davies,* 2 Ark. 494 (1840); *Dunn* v. *State,* 2 Ark. 229 (1840).

The trial court in the habeas corpus proceeding now on appeal concluded that petitioner waived venue when he pled guilty in Arkansas County. Certainly venue may be waived in a criminal case within the territorial boundaries of the judicial district, *Renfro* v. *State,* 264 Ark. 601, 573 S.W.2d 53 (1978), but this is not a matter of venue within the territorial boundaries of the judicial district. This case involves the jurisdiction of a court acting outside the territorial boundaries of the judicial district. We have held that an extraterritorial order by a circuit judge in a criminal case is *"coram non judice* and void," *Williams* v. *Reutzel,* 60 Ark. 155, 29 S.W. 374 (1895), and that jurisdiction cannot be conferred by consent. *Red Bud Realty Co.* v. *South,* 145 Ark. 604, 224 S.W. 964 (1920). Accordingly, under the facts set out to this point, it is clear that the actions taken by Judge Rogers in Arkansas County in hearing petitioner's guilty plea and pronouncing the sentence were void.

Petitioner's second point on appeal is that the judgment of conviction and order of commitment is invalid because it was signed by a judge, Judge McNeil, without authority to do so. The judgment of conviction and order of commitment authorize the Department of Correction to hold petitioner. A writ of habeas corpus is issued in a criminal case such as this only when the prisoner is being detained without lawful authority. Ark. Code Ann. § 16-112-103 (1987), and *see Robinson* v. *Shock,* 282 Ark. 262, 667 S.W.2d 956 (1984), for a discussion of the difference in the way we treat criminal cases, civil cases, and juvenile cases. The record does not show that Judge McNeil was ever authorized

by exchange agreement or by assignment to act as Circuit Judge of the 20th Judicial District. We will take judicial notice of the fact that Judge McNeil was the elected and acting Chancery Judge of the 20th Judicial District at the time he executed the judgment of conviction and order of commitment in this case. More than a year earlier, on August 1, 1988, Judge Rogers and Judge McNeil had entered into an exchange agreement under which each could hear chancery and probate cases in the others judicial district. However, the record does not reflect any color of authority whatsoever for Judge McNeil to act as a circuit judge. Additionally, the order assigning Judge Rogers to try petitioner's case contained this provision:

> This assignment includes all ancillary proceedings which may arise in connection with said cause and proceedings subsequent thereto shall be held at such time or times as shall be directed and ordered by Judge Rogers.

We have held that the inclusion of this provision in an order of assignment deprives any other judge of authority to act in any proceeding related to the case. *Hobson* v. *Cummings*, 259 Ark. 717, 536 S.W.2d 132 (1976). As a result, only Judge Rogers could execute a valid judgment of conviction and order of commitment for petitioner. Judge McNeil was without the authority to execute a valid judgment of conviction and order of commitment in the Circuit Court of Faulkner County. Therefore, the judgment of conviction and order of commitment are facially invalid. On the facts set out to this point, it would seem clear that the petitioner is being held without lawful authority, and the writ of habeas corpus must be issued. However, an additional procedural problem must be addressed before a decision can be reached. The problem is occasioned by the below set out facts.

On November 9, 1989, petitioner filed in the Circuit Court of Faulkner County a petition for post-conviction relief, under both Ark. Code Ann. § 16-90-111 (Supp. 1991) and the then existing Criminal Procedure Rule 37. Section 16-90-111 provides a narrowly defined procedure for the correction of an illegal sentence and must be acted upon within 120 days after the sentence is imposed. This petition was not filed until nearly eight months after Judge McNeil had signed the judgment of conviction and was therefore not timely for correction of an illegal

sentence. On January 16, 1990, Judge Rogers, as Circuit Judge Rogers, as Circuit Judge on Exchange, signed an order in the Circuit Court of Faulkner County denying "the petition to correct an illegal sentence." Petitioner also sought post-conviction relief under Rule 37, but the order says nothing about the petition for post-conviction relief. Petitioner gave a timely notice of appeal, but did not file the transcript within the allowable time. He sought a rule on the clerk of this court, and we denied the motion in a nonpublished opinion on March 18, 1991.

On October 22, 1991, petitioner filed this petition for a writ of habeas corpus in the circuit court of the county where he was imprisoned, Lincoln County. The trial court denied the petition and petitioner appeals, which is the proper means of review of habeas corpus proceedings. *See In Re Habeas Corpus Proceedings*, 313 Ark. 168, 852 S.W.2d 791 (1993). The Attorney General argues that the previous post-conviction proceeding and its denial procedurally bar petitioner from seeking the writ of habeas corpus in this proceeding. The argument is without merit. First, the prior post-conviction proceeding was filed in Faulkner County and was just what it was styled, a post-conviction proceeding that was filed in the court that committed petitioner. This proceeding is not a post-conviction proceeding in the same court as held the trial, but rather is a habeas corpus proceeding in the county where petitioner is incarcerated, and is based upon the fact that petitioner is being held without lawful authority. *See McConaughy* v. *Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992). The efficacy of the petition for a writ of habeas corpus is guaranteed by Article 2, Section 11 of the Constitution of Arkansas, and we have recognized a distinction between a petition for habeas corpus and a petition for post-conviction relief. *Mackey* v. *Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). Second, even if this were a second post-conviction proceeding under the then applicable version, or old form, of Rule 37, we have said that a lack of jurisdiction was always a sufficient ground under the rule, as it was then worded, to void a judgment of conviction and order of commitment. *Ellis* v. *State*, 291 Ark. 72, 722 S.W.2d 575 (1987). *See also Dumond* v. *State*, 294 Ark. 379, 743 S.W.2d 779 (1988); *Madewell* v. *State*, 290 Ark. 580, 720 S.W.2d 913 (1986); *Craft* v. *State*, 289 Ark. 466, 712 S.W.2d 303 (1986); *Travis* v. *State*, 286 Ark. 26, 688 S.W.2d 935

(1985); *Scott* v. *State*, 267 Ark. 536, 592 S.W.2d 122 (1980). Accordingly, the petition for a writ of habeas corpus is not procedurally barred. We pass no judgment on whether this proceeding would be barred under the current version of Rule 37.

■ Since the petition for the writ is not procedurally barred, and since the petitioner has shown the facial invalidity of the order of commitment signed by Judge McNeil, the writ of habeas corpus must be issued. However, that does not mean that the petitioner must be set free. Rather, the writ may be issued upon such order "as may be proper." Ark. Code Ann. § 16-112-115 (1987). Here, the judgment of conviction and order of commitment are void, but the petitioner remains charged with capital murder in the Circuit Court of Faulkner County. When a prisoner is under a charge of capital murder, the trial court may properly refuse to set bond. *Orsini* v. *State*, 281 Ark. 348, 665 S.W.2d 245, *cert. denied* 469 U.S. 847 (1984). Accordingly, we issue the writ of habeas corpus and order the prisoner released from the Arkansas Department of Correction and placed in the custody of the Sheriff of Faulkner County to be held on the charge of capital murder. The Circuit Court of Faulkner County shall then make the decision of whether to release petitioner on bail.

Writ of habeas corpus issued as specified.

HAYS and GLAZE, JJ., dissent.

Steele Hays, Justice, dissenting. I would first address the matter of "territorial jurisdiction" discussed in the majority opinion. Generally, territorial jurisdiction refers to a court's authority to hear only cases that have some relationship to the geographical boundaries of that court's jurisdiction. *See Restatement (Second) of Judgments* § 4 (1982). Lack of territorial jurisdiction will undisputedly void the judgment. That situation is clearly distinguishable from the one we have here where the court has proper jurisdiction in the above respect, but the trial itself is simply held in some other physical location. Under the latter circumstances, the judgment is not reviewed under that jurisdictional analysis. *See Lasky* v. *Quinlan*, 406 F. Supp. 265 (D.C.S.D.N.Y. 1976) So for example, this case is distinguishable from *Sexon* v. *Municipal Court of Springdale*, 312 Ark. 261, 852 S.W.2d 308 (1993) and *Auditor* v. *Davis*, 2 Ark. 494 (1840), cited by the majority, where there was a true problem of

extraterritorial jurisdiction.

When this distinction is made, it is clear that the statutes and constitutional provisions the majority relies on refer only to limiting territorial jurisdiction, and not to the physical location of the trial itself. The language of those provisions simply does not dictate the physical location of a proceeding.[1]

The majority also relies on *Williams* v. *Reutzel*, 60 Ark. 155, 29 S.W.2d 374 (1895) (which does address only the physical location of trial) for the proposition that where the court otherwise has jurisdiction, but the case is not heard in the established geographic place for that court, that judgment is void. That explanation of *Reutzel* is only partly correct. In that case the voters had specifically refused to change the county seat from Greenwood to Fort Smith. The orders being challenged in that case were from the court holding forth in Fort Smith. We found the orders void but acknowledged that this was a deviation from the general rule that such judgments could not be attacked collaterally:

> *It has, however, been held that the judgment of a court having jurisdiction of the person of the defendant and of the subject matter of the suit will not be held void, in a collateral proceeding, upon proof being made that it was rendered at a place other than the established seat of justice of the county,* "when it is shown that all the houses at the latter place had, before rendition of the judgment had been destroyed by fire and that the court had accepted as a temporary seat of justice, the place at which the judgment was rendered." *It was so held because the county court in that case whose duty it was to provide a place for the holding of courts, had secured and set apart for that purpose the house in which the court was held and having done so in the exercise of its jurisdiction.* [Our emphasis.]

*Reutzel* at 159.
*Reutzel* was distinguished from this general rule on the basis that

---

[1] And *see Gibbons* v. *Bradley*, 239 Ark. 816, 394 S.W.2d 489 (1965) for a fuller explanation of the companion statute to Ark. Code Ann. § 9-13-210 (1987).

the electorate had clearly denied Fort Smith as the county seat and the court being held there was contrary to law.

Our cases have consistently recognized the propriety of an alternative place to holding court, where the court otherwise has jurisdiction, *see Warren* v. *State*, 241 Ark. 264, 407 S.W.2d 724 (1966); Mell v. State, 133 Ark. 197, 202 S.W. 33 (1918); *Hudspeth* v. *State*, 55 Ark. 323, 18 S.W. 183 (1892); and *Lee* v. *State*, 56 Ark. 4, 19 S.W. 16 (1892). For example, in *Warren* v. *State*, *supra*, the defendant challenged the jurisdiction of the circuit court because of where it was heard. The electorate had voted to change the county seat to Ash Flat because of consolidation of two districts and the county seat was no longer at Hardy or Evening Shade. However, at the time of the defendant's trial, the move had still not been made to Ash Flat. The court acknowledged the recognized exception to the place of holding court, and held the trial was conducted by the court with proper jurisdiction.

This approach is in keeping with federal law. FRCP 77(b) provides:

> (b) Trials and Hearings; Orders in Chambers. All trials upon the merits shall be conducted in open court *and so far as convenient* in a regular courtroom. All other acts or proceedings *may be done or conducted by a judge in chambers*, without the attendance of the clerk or other court officials and *at any place either within or without the district*; but no hearing, other than one ex parte, shall be conducted outside the district without the consent of all parties affected thereby. [Our emphasis.]

And *see Lasky* v. *Quinlan, supra.*

Our own Ark. R. Civ. P. 77(b), which is similar, does not touch on the subject of place of trial, but only requires that the trials be public. Ark. R. Civ. P. 77(b) and Commentary thereto. In the absence of statutory pronouncement on the matter of the place of trial, case law has provided the rule. *See Reutzel, supra.* And *see also* 18. A.L.R.3d 572 (1968) (which discusses the location of trial, which indicates that while there is no consensus whatsoever on this question, there are jurisdictions that are in line with *Reutzel*).

The majority also relies on *Red Bud Realty Co.* v. *South*,

145 Ark. 604, 224 S.W.2d 964 (1920). In that case the matter was heard by the appropriate judge, but at a location outside the judicial district. We found that that hearing was authorized by statute, but the authorization was limited to regular judges, and the judge in that case was a special judge. However that case is immediately distinguishable because that matter was heard on direct appeal and here it is being collaterally attacked. In any case, the opinion clearly limited the prohibitions of the special judge's action to rendering the decree and did not otherwise invalidate the proceedings. The case was remanded to the jurisdictionally correct court, "for further proceedings as if no appeal had been taken."

Under Arkansas law then under a collateral proceeding, there is no problem in moving the place of holding court, if the court otherwise has jurisdiction, and the move is not in contradiction of an express law to the contrary. *Reutzel.* Here, by the parties consent, the court (and judge) which otherwise had jurisdiction of the case, heard the case outside the district, and it is only now being attacked collaterally. There being no express law to the contrary the judgment should stand. *Reutzel, supra.*

The other problem in this case is the signing of the judgment by a judge who clearly did not have any jurisdiction to hear the case. The majority relies on *Hobson* v. *Cummings*, 259 Ark. 717, 546 S.W.2d 132 (1976), for holding that only the special judge could sign the judgment. That is not what the case says. It merely provides that after the regular judge had disqualified and a special judge appointed, the regular judge no longer had authority to sign any orders.

The majority also claims that "the record does not reflect any color of authority whatsoever for Judge McNeil to act as a circuit judge." While that may be true, such a signing does not void or invalidate the judgment, nor has the majority cited any authority. To the contrary, all the authority I have found indicates the signing of the judgment is not a jurisdictional matter and, hence, not subject to a collateral attack. *See* 46 Am. Jur. 2d *Judgments* § 68 (1969); *Voyles* v. *Voyles*, 311 Ark. 186, 842 S.W.2d 21 (1992); *Standridge* v. *State*, 290 Ark. 150, 717 S.W.2d 796 (1986). Nor have I found any authority in Arkansas requiring a signature of the judge. In fact, the only authority

touching on the subject, Ark. R. Cr. P. 36.4, requires pronouncement, but no signature. And *see Shipmore* v. *State*, 261 Ark. 559, 550 S.W.2d 454 (1977) which suggests that a signature is not a jurisdictional requirement.

GLAZE, J., joins.