Kathryn Lynn KING *v.* Carl KING

96-237                                                   920 S.W.2d 3

Supreme Court of Arkansas
Opinion delivered March 18, 1996

*Paul L. Dickerson,* for appellant.

No response.

ROBERT L. BROWN, Justice, dissenting.█ Counsel for Kathryn Lynn King filed a motion for rule on the clerk to allow him to lodge the record in this case. According to the motion, counsel who practices law in Texarkana obtained an order of extension from Judge John Lineberger, who is a chancellor for the Fourth Judicial District in Fayetteville, prior to the expiration of the time for filing. That order was then received by the Polk County Circuit Clerk in the Eighteenth Judicial District via facsimile transmission before time expired. The motion further states that the attorney's office telephoned the clerk's office to verify that the order had been timely filed, and the circuit clerk's office gave assurances that it had. In truth, the order granting the extension was not filed until one day after the expiration of the deadline. The majority would deny this motion. I would remand for an evidentiary hearing, and for that reason I dissent.

The general rule is that an attorney is responsible for filing the record, not the trial judge, the court reporter, or the circuit clerk. *Norman v. State*, 323 Ark. 444, S.W.2d (1996); *Lewis v. State*, 295 Ark. 165, 747 S.W.2d 91 (1988). Likewise, it is the attorney's responsibility to ensure that the order granting an extension of time to file the record is actually entered even though it may have been signed by the trial court and sent to the clerk prior to the expiration of the filing period. *See Willis v. State*, 323 Ark. 41, 912 S.W.2d 430 (1996) (facsimile received by clerk but not actually entered before deadline expired was untimely); *Voyles v. Voyles*, 311 Ark. 186, 842 S.W.2d 21

(1992); *Sullivan* v. *Wickliffe*, 284 Ark. 33, 678 S.W.2d 771 (1984). We have, however, carved out an exception to the rule in instances where actions by the court clerk somehow thwarted the attorney in performing his duties. I believe this is just such a case.

In *Brown* v. *State*, 300 Ark. 201, 777 S.W.2d 585 (1989), an order extending the time to file the record for appeal was entered, but the record was received four days late. Counsel for Brown filed a motion for rule on the clerk. The attorney alleged:

> [T]hat he was prevented from meeting his responsibility for filing a timely record in that the circuit clerk has been instructed by the circuit judges "to not turn over the transcripts in any criminal cases to defense attorneys appealing them, but to take care of mailing the transcripts themselves."

*Brown* v. *State*, 300 Ark. at 202, 777 S.W.2d at 586. We remanded the case to the trial court because if the allegation was true and the attorney was prevented from performing his duty, good cause existed to grant the motion.

This is not to say that blind reliance on statements by the circuit clerk will circumscribe the rule, for we have ruled to the contrary. *See, e.g., Lewis* v. *State, supra.* (holding attorney responsible for an untimely filing, even though he relied on the circuit clerk's oral and written representations about when the time for filing the record began to run); *Welder* v. *Mercer*, 247 Ark. 999, 448 S.W.2d 952 (1970) (holding attorney responsible for an untimely filing, where the filing fee was not paid even though deputy clerk agreed to mail the transcript for the attorney). These cases show that reliance on the clerk by itself may not be enough.

However, I believe that the attorney did what was reasonable under these circumstances. He realized that the record would not be prepared in time, and he obtained an order of extension from the trial judge, who presumably was in Fayetteville. The order was then timely received by the circuit clerk via facsimile transmission. In the motion, the attorney who is an officer of the court represented to this court that his office made a follow-up telephone call to the Polk County Circuit Clerk's

office, and personnel there assured him that the order had been signed, filed, and granted. This was not a situation where counsel could go down to the courthouse to verify the filing because the filing was to occur in another county.

The attorney's actions were reasonable and satisfy the procedure suggested by the court of appeals in *Tracor/MBA* v. *Artissue Flowers*, 41 Ark. App. 186, 850 S.W.2d 30 (1993). In *Tracor/MBA*, the Court of Appeals stated that the document which was transmitted by way of facsimile machine should be sent early enough so that a follow-up telephone call could verify its receipt and allow other action, if necessary, to perfect the filing. According to counsel for the appellant, the assurance from the circuit clerk's office that the document had been filed misled him and prevented him from fulfilling his obligations. I would remand this case to the trial court to determine whether counsel was indeed misled, as was done in *Brown* v. *State, supra.*

For these reasons, I respectfully dissent.

ROAF, J., joins.