The Honorable Morril Harriman State Senator 522 Main Van Buren, Arkansas 72956
Dear Senator Harriman:
This is in response to your request for an opinion on two questions arising in light of Act 900 of 1995, which, effective January 1, 1997, splits the soon-to-be former Twelfth Judicial District (encompassing Sebastian and Crawford Counties) into the Twelfth Judicial District (to be comprised solely of Sebastian County) and the Twenty-First Judicial District (to be comprised solely of Crawford County). Specifically, you note that your have received an inquiry from a Twelfth Judicial District Chancellor "relative to the legal ramifications of pending cases as of the effective date of the new district." You pose the two following questions:
 1. Will a Twelfth Judicial District judge who is presently involved with pre-trial motions, pre-trial conferences, etc., in a Crawford County case have jurisdiction to hear that case if the case is tried after January 1 and if that judge will not be a Crawford County judge at that time?
 2. Under the same facts situation as above, will the judge have jurisdiction to enter a decision in the case if the case is tried in late 1996, but the decision taken under advisement until sometime in 1997?
It is my opinion that the answer to each of your questions is "no," absent some type of valid exchange agreement with the judge of the Twenty-First Judicial District.
It should be noted from the outset that your questions do not appear to implicate jurisdiction or venue per se, but involve only the ability of a particular judge to preside at a particular court or over a particular matter. This is true because jurisdiction and venue pertain to and attach to the court, rather than the judge. See 48A C.J.S. Courts § 54. I assume that jurisdiction and venue are appropriate in the Crawford County Chancery Court, and that the Chancellor in question is either presiding over that court in Crawford County in the case or is presiding over the case in a Sebastian County courtroom if venue is appropriate there or has been agreed to by the parties. See A.C.A. § 16-13-317. Thus the question presented is merely one concerning the authority of a particular Chancellor to act in the case, once the judicial district in which the case arises is severed from the one in which he presides. This authority must be determined from the Arkansas Constitution and the statutes of this state.
I assume, because the question was prompted by a chancellor, that your questions do not refer to a criminal case. It is clear, in my opinion, that a circuit judge in a criminal case has no authority to act outside the geographic area of the judicial district in which the criminal charge is filed.[1] Waddle v. Sargent, 313 Ark. 539, 855 S.W. 2d 919 (1993).See also Davis v. Reed, 316 Ark. 575, 873 S.W.2d 524 (1994). The court inWaddle relied on three state statutes and previous case law to reach this result. Specifically, the court cited Arkansas Constitution, art. 7, §13, which provides that a circuit judge shall "be a conservator of thepeace within the circuit for which he shall have been elected," and A.C.A. § 16-88-105, which provides that circuit courts shall have jurisdiction to try criminal offenses within the bounds of the geographical judicial district by stating that jurisdiction of such courts shall be of offenses committed "within the respective counties inwhich they are held." Finally, the Waddle court cited A.C.A. §16-13-210, which provides that a circuit judge who is "physically presentin the geographical area of the judicial district which he serves as a judge may hear, adjudicate, or render any appropriate order with respect to, any cause or matter pending in any circuit court over which he presides[.]" (All emphasis original.) Although the Waddle case did not involve a pending case in a newly severed judicial district, it does stand for the proposition that a circuit judge presiding over a criminal case does not have authority to act outside the judicial district in which the charge was filed. It is also cites a statute authorizing a judge to sign orders, etc. . . . in any matter pending in any circuit court "over which he presides," implying no authority in other courts over which he does not preside. The issue presented by your questions is whether the same result obtains with regard to a chancellor in a pending civil case; i.e., whether he will have authority to act (whether the action is taken within or without his new judicial district) in a case which was filed outside his new judicial district. It is my opinion that absent a valid exchange agreement the chancellor would have no authority in that instance.
I reach this conclusion despite the fact that there are some factors with regard to chancellors which distinguish them from circuit judges presiding in criminal cases as was at issue in Waddle. For example, while the Arkansas Constitution provides that circuit judges are "conservators of the peace" within the circuit for which they have been elected, chancellors, by state statute, are conservators of the peace "throughout the state." See A.C.A. § 16-13-309. Additionally, while A.C.A. §16-88-105 provides that circuit courts shall have jurisdiction of offenses committed within the respective counties in which the courts are held, there is no similar statute expressly defining the geographic jurisdiction of chancellors, or even circuit judges in civil cases. There is one provision relied upon in Waddle, however, as to circuit judges, which also applies to chancellors. The court in Waddle relied upon A.C.A. § 16-13-210, which provides that a circuit judge who is "physically present in the geographical area of the judicial district which he serves as a judge may hear, adjudicate, or render any appropriate order with respect to, any cause or matter pending in any circuit court over which he presides[.]" The same language is found with regard to chancellors at A.C.A. § 16-13-317. There is thus an inference to be made from this statute that chancellors only have jurisdiction to act when "physically present" in the judicial district in which they serve. There is also an inference to be made that such chancellors can only sign orders in such fashion when the cause arose in a court in a county over which the chancellor presides. See Henderson, Sheriff v.Dudley, Chancellor, 264 Ark. 697, 574 S.W.2d 658 (1978) (holding that Chancellor of one judicial district had authority to sign an order while in a different county than the one in which the cause was pending, aslong as it was signed within the judicial district he served and thecourt in which the action arose is one over which the Chancellorpresided). Cf. also State Auditor v. Davies, 2 Ark. 494 (1840) (holding that circuit judges power and authority is limited to the boundaries of their particular district). It therefore appears that after January 1, 1997, the chancellor at issue will not have authority to act in a Crawford County case, one which arose outside the judicial district he serves. Thus, in my opinion, absent some type of valid exchange agreement with the judge of the Twenty-First Judicial District (see Arkansas Constitution, art. 7, § 22; McEachin v. Martin, 193 Ark. 787,102 S.W.2d 864 (1937); and A.C.A. § 16-13-401- to 405 (1987)), in my opinion, the Twelfth District Chancellor formerly presiding in the case, will lose the authority to act in the case upon the effective date of the split of judicial districts under Act 900 of 1995. In my opinion, in response to your two separate questions, this result is the same with regard to the trial of the matter, and the entry of an order deciding the case.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] See however A.C.A. § 16-13-405, authorizing circuit judges and chancellors to sign orders and papers outside their judicial districts if there is a valid exchange agreement in effect.